UNITED STATES ex rel. SCHORNBACH v. BEHRENDSOHN.

(District Court, E. D. Louisiana. July 11, 1912.)

No. 14,530.

1. INFANTS (§ 12*)—CUSTODY—JUVENILE DELINQUENTS.

Acts La. 1908, No. 83, creating the juvenile court, and providing that proceedings therein shall be instituted by affidavit against the child, is not invalid on the theory that a child of tender years cannot stand in judgment.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 13; Dec. Dig. § 12.*]

2. INFANTS (§ 66*)—PRESUMPTIONS—INCAPACITY FOR CRIME—CHILDREN.

The presumption at common law that a child of tender years was incapable of crime only extended to children under seven.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 172; Dec. Dig. § 66.*]

3. INFANTS (§ 12*)—CUSTODY—JUVENILE COURT ACT.

Since Civ. Code La. art. 305, provides that a father may be excluded from the tutorship of his child for notoriously bad conduct and for other reasons, Louisiana Juvenile Court Act (Acts 1908, No. 83), providing that a parent may forfeit his right to the custody of a child if he is derelict in his duty toward the child, is not in conflict with the Code, or unconstitutional as impairing the inalienable right of a parent to the custody of a child.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 13; Dec. Dig. § 12.*]

Habeas corpus by the United States, on the relation of Michael Schornbach, against Abraham Behrendsohn. Writ denied.

Girault Farrar, of New Orleans, La., for relator.

A. D. Henriques, Jr., of New Orleans, La., for respondent.

FOSTER, District Judge. In this matter the relator, a subject of the Austro-Hungarian Empire, seeks the release of his minor child from the custody of the respondent, a citizen of Louisiana, who holds her in his temporary keeping by virtue of an order of the juvenile court of New Orleans. The proceedings in the case, as shown by the return, which, of course, must prevail over the allegations of the petition, seem to have been regular and in conformity with the provisions of the law creating the juvenile court (Act No. 83 of 1908), which provides that such proceedings shall be instituted by affidavit against the child.

The relator contends that a child of tender years cannot stand in judgment, and the proceedings should have been against him as the child's father, and, in any event, he is entitled to her custody under other and conflicting provisions of the law of Louisiana, the benefit of which is guaranteed to him by the treaty between the Austro-Hungarian Empire and the United States.

[1] The constitutionality and validity of the act creating the juvenile court, and the method of procedure adopted, have been repeatedly affirmed by the Supreme Court of Louisiana, but the points

raised by relator do not seem to have been ever passed upon. The juvenile court idea is of recent development, but it is undoubtedly for the benefit of society in general and the unfortunate children brought within its terms in particular, and in the nature of things it is necessary that proceedings be against the children; for otherwise, if the child be abandoned by its parents, or have none, how could it be reached or benefited. And there is no logical reason why the proceedings should not be against the child. The proceedings are not criminal, but even criminal proceedings are brought against children of tender years, though the punishment be modified because of their age.

[2] In fact, the presumption at common law that a child of tender years is incapable of crime only extended to children under the age of seven years.

[3] With regard to the respondent's contention that he has the inalienable right to the custody of his child, it is elemental that the power of parents over their children is derived from their duty to them. If he has been derelict in his duty, he might well forfeit his natural right of authority. The Juvenile Court Act so provides. And it is not in conflict with the provision of the Civil Code, for the father may be excluded from the tutorship of his child for notoriously bad conduct and for other reasons. Civil Code, art. 305.

It is very clear, on the record before me, that the juvenile court had jurisdiction over the person of the child and that it issued a valid order, consigning her to the temporary care of the respondent. The writ prayed for will not issue, and relator's petition will be dismissed.