THE STATE EX REL. HENRY BOYD, by His Next Friend, GEORGE F. WISE, v. GEORGE W. RUTLEDGE, Judge of Circuit Court of City of St. Louis.—13 S. W. (2d) 1061.

Court en Banc, February 11, 1929.

*Forrest C. Donnell* and *George F. Wise* for relator.

*Stratton Shartel*, Attorney-General, and *Hibbard C. Whitehill*, Special Assistant Attorney-General, for respondent.

RAGLAND, J.—Prohibition. Relator states his case as follows:
"This is an application for a Writ of Prohibition to prohibit the Circuit Court for Criminal Causes of the City of St. Louis, Division No. 11, and the Honorable Charles W. Rutledge, Judge thereof, from taking jurisdiction of the two cases which arose against the relator in the manner hereinafter set forth.

"On March 2, 1928, there was filed with the Clerk of the St. Louis Court of Criminal Correction two informations against the relator. One of said informations charged the relator with having committed robbery upon Leonard F. Morgan on December 31, 1927, in the city of St. Louis, and the other of said informations charged the relator with having committed robbery upon Walter Oechsle on February 6, 1928, in the city of St. Louis.

"On March 6, 1928, relator was arraigned in the said Court of Criminal Correction, and was held by said court for the St. Louis Circuit Court for Criminal Causes to answer to the charge of robbery in each of the two above mentioned cases.

"On March 16, 1928, there was filed with the Clerk of the Circuit Court for Criminal Causes of the City of St. Louis two informations against the relator, each of said informations charging him with robbery, the two being similar to the two which were filed on March 2, 1928, in the Court of Criminal Correction.

"Relator was born on February 27, 1911, so that on December 31, 1927, and on February 6, 1928, the dates upon which it is alleged that he committed the above-stated offenses, relator was under the age of seventeen years, but, on March 2, 1928, when the first informations were filed against him in the Court of Criminal Correction, he had passed the age of seventeen years.

"Each of the two cases which thus originated against the relator through the procedure hereinabove recited was assigned to Division No. 11 of the Circuit Court of the City of St. Louis, and, on March 30, 1928, the respondent herein, as judge of said division, apparently being of the opinion that the age of the relator at the time of the alleged commission of the offenses was controlling in determining whether relator came within the purview of the Juvenile Court Act, entered an order in each of said cases transferring the said cases to the juvenile court. On May 1, 1928, the judge of the juvenile court, apparently being of the opinion that the age of the relator at the time of the filing ᕽof the informations against the relator, or some subsequent date, was controlling in determining whether the relator came within the purview of the Juvenile Court Act, entered an order in each of said cases transferring said cases back to the Circuit Court for Criminal Causes. The respondent then acquiesced in the opinion of the juvenile court, and set said two cases down for trial, and, after a continuance, the cases were reset for June 5, 1928, but, on the application of this relator in this cause, this court, on May 29, 1928, issued a provisional writ of prohibition, prohibiting the respondent from proceeding to try the relator in either of said two cases."

I.  Relator's principal contentions are these: (1) "A child who is charged with having violated the law of this State, in a county having a population of 50,000, when under the age of seventeen years, is subject to trial for such offense only in the juvenile court;" and (2) "in determining whether a child is under the age of seventeen years so to be brought within the purview of the Juvenile Court Act, the age of said child is reckoned as of the date of the alleged commission of the offense with which he is charged." These contentions rest on the assumption, though relator seems to disavow it, that the violation of a criminal statute by a child under seventeen years of age is never a crime, but merely a delinquency. We say that he rests his contentions on that assumption, because he argues at length that a mere delinquency cannot through the lapse of time ripen into a crime, and that for that reason a child after he passes his seventeenth birthday cannot be proceeded against, as for the commission of a crime in a court having only criminal jurisdiction as distinguished from one empowered to carry out the provisions of the Juvenile Court Act, for anything done by him while under seventeen. The validity of the assumption therefore challenges inquiry. Is a violation of the criminal law by a child under seventeen years of age, by virtue of the Juvenile Court Act, a mere delinquency and nothing more?

There are two juvenile court acts; one is applicable in counties of less than 50,000 population, and the other in the remaining counties of the State, including the city of St. Louis. The first constitutes

Article V, Chapter 11, and the second Article VI, Chapter 21, Revised Statutes 1919. Their provisions are very similar, but as the latter is the only one involved in this case it will be the one referred to as the Juvenile Court Act, or the act in the discussion which is to follow.

The Juvenile Court Act is applicable to children under seventeen years of age and it deals specifically with such of those children as fall within its definitions of "neglected" and "delinquent." In the definition of a "delinquent child" there is a long enumeration of acts, the commission of any one of which will constitute the doer a delinquent; these acts range from a violation of the criminal law all the way down to the habitual use of profane language. All of the acts so catalogued are by force of the statutes acts of delinquency. In its provisions for dealing with children who violate the criminal law, the act seems to have a dual aspect. This was noted in State ex rel. Matacia v. Buckner, 300 Mo. 359, 365, 254 S. W. 179. It was there said: "There is language in the act that gives color to the view that it authorizes trial and punishment for crime. . . . The act has another aspect . . . Its principal, if not sole, purpose is not trial and punishment for crime, but the protection and support of neglected children and the reformation of delinquent children. . . . A proceeding under the act, the aim of which, as in this case, is the exertion of the State's power, *parens patriae*, for the reformation of a child and not for his punishment under the criminal law, is not a criminal case, and the constitutional guaranties respecting defendants in criminal cases do not apply."

We now turn to the act, as it was when State ex rel. Matacia v. Buckner was decided, for the language "that gives color to the view that it authorizes trial and punishment for crime."

Section 2592: ". . . The practice and procedure prescribed by law for the conduct of criminal cases shall govern in all proceedings under this article in which the child stands charged with the violation of the criminal statutes of the State. . . ."

Section 2591: ". . .; but nothing in this article shall prevent the juvenile court from inflicting a punishment which shall extend beyond the age of majority in cases where the delinquent shall be convicted of a crime, the punishment of which under the statutes of this State, when committed by a person over the age of eighteen years, is death or imprisonment in the penitentiary for a term of not less than ten years. . . ."

Section 2598: "All punishments and penalties imposed by law upon persons for the commission of offenses shall, in the case of said delinquent children, rest in the discretion of the judge of the juvenile court, and execution of any sentence may be suspended or remitted in his discretion."

In the Matacia case just referred to, the defendant was charged in the juvenile court with having committed rape—not as a crime, but

as an act of delinquency—and it was held among other things that in those circumstances the defendant was not as to the mode of procedure entitled to the benefits of certain constitutional safeguards designed for the protection of persons put on trial for the commission of crime. But it seems clear that within the contemplation of the act Matacia could have been tried for the *crime* of rape in the juvenile court, and if convicted could have been sentenced by that court to the Missouri reformatory. The trial in that event would of course have had to conform to the statutory and constitutional provisions relating to criminal trials. Such seems to be the necessary implication of the language of the act heretofore quoted.

It was said in State ex rel. Matacia v. Buckner, supra, that "the act extends the presumption of incapacity to commit crime to the age of seventeen years." A similar observation was made in State ex rel. v. Tincher, 258 Mo. 1. c. 12. These must be regarded as mere dicta, for in neither case was such a construction necessary to the determination of the questions presented for decision. The act at that time certainly did not in express terms purport to effect any change or modification of the common law with reference to the age at which one would be presumed to have, or not to have, the capacity to commit crime. Nor did its language give rise to any implication of that kind. Its implications were in fact to the contrary, as pointed out in the preceding paragraph. But all doubt as to the matter has been set at rest by subsequent legislative interpretations of the act. The first of these to be noted is embodied in what is now Section 12426, Revised Statutes 1919, enacted in 1917 (Laws 1917, p. 163), and amended in some minor particulars in 1919 (Laws 1919, p. 191). The section, omitting provisions not pertinent here, is as follows:

"Any person under the age of seventeen years, *convicted of a crime*, the punishment of which, under the statutes of this State, when committed by persons over the age of seventeen years, is imprisonment in the penitentiary for a term of not less than ten years, may be punished in the same manner and to the same extent as provided by the statutes for the punishment of persons over the age of seventeen, or, if a boy, he may be imprisoned in the penitentiary or committed to the Missouri reformatory, or Missouri training school for boys; and any boy under the age of seventeen years *convicted of any other felony*, either upon plea of guilty or upon trial, may be committed to the Missouri reformatory or Missouri training school of boys. Any boy under the age of seventeen years *convicted of a misdemeanor*, in any court of record, either upon plea of guilty or upon trial, may, in the discretion of the court, he committed to the Missouri reformatory, or Missouri training school for boys. No boy under seventeen years of age *convicted of a felony* shall hereafter be committed to the county jail as a punishment for such offense. . . . All commitments of boys under the age of seventeen to the Missouri

reformatory, the Missouri training school or the penitentiary shall be made by the juvenile division of the circuit court."

(The section was again amended in 1927, Laws 1927, page 379, but with respect to a provision which has no bearing on the questions under consideration.)

The second act putting a construction on the Juvenile Court Act as to its intent with reference to the conviction of children under seventeen years of age for crime was passed in 1927. It is as follows:

"In the discretion of the judge of any court having jurisdiction of delinquent children under the provisions of article 5, chapter 11, Revised Statutes of Missouri, 1919, or under the provisions of article 6, chapter 21, Revised Statutes of Missouri, 1919, any petition alleging a child to be delinquent may be dismissed and such child prosecuted under the general law, and any motion, petition or application, made to any court or judge having general jurisdiction of criminal causes, to transfer the case of or charge against any delinquent child to a court having jurisdiction of delinquent children under the provisions of said articles 5 and 6, may be denied in the discretion of the judge, when in the judgment of the judge such child is not a proper subject to be dealt with under the reformatory provisions of either said article 5 or said article 6." [Laws 1927, pp. 129-130.]

Section 12426 not only gives express recognition to the fact that a child under seventeen years may be convicted of crime, but provides that upon conviction of certain crimes he may be given the same punishment as is meted out to persons over that age similarly convicted. The Act of 1927 by necessary implication authorizes the court first obtaining jurisdiction to determine whether a child who has violated the criminal law shall be prosecuted for the crime, or whether he shall be proceeded against as a mere delinquent. In other words, the violation of a criminal statute by a person under seventeen years of age is still a crime, if such person has the capacity at common law to commit crime; the Juvenile Court Act merely makes such violation also an act of delinquency, a jurisdictional ground for the administration, in a proper case, of its corrective and reformatory measures.

II. 1. It will be noted that said Section 12426 provides that a boy under the age of seventeen, if convicted of a felony the punishment of which as prescribed by statute is imprisonment in the penitentiary for a term of not less than ten years, may be either imprisoned in the penitentiary or committed to the Missouri Reformatory; and if convicted of any other felony or a misdemeanor, may be committed to the Reformatory. After making these provisions the section concludes with this language:

*"All commitments of boys under the age of seventeen to the Missouri reformatory, or the Missouri training school or the penitentiary shall be made by the juvenile division of the circuit court."*

Now there is no provision anywhere for the trial in a court of general criminal jurisdiction of a boy under seventeen, charged with crime, and a transfer of the cause from that court to a juvenile court in the event of his conviction, in, order that he may be sentenced by the latter court. Hence the inference necessarily follows that such a boy can be tried only in the juvenile court. We conclude therefore that the juvenile court has exclusive jurisdiction in all cases in which persons under seventeen years of age are charged with either delinquency or the commission of crime. The giving to the juvenile court exclusive jurisdiction, even in cases in which a boy under seventeen is proceeded against on a criminal charge, is in consonance with the general purpose of the act. The juvenile court has a broader latitude than a court of exclusive criminal jurisdiction in the imposition of punishment. The infliction of "all punishments and penalties imposed by law upon persons for the commission of offenses" rests in the discretion of the judge of that court in cases coming properly before him; "and execution of any sentence may be suspended or remitted in his discretion." [Sec. 2598, R. S. 1919.] In addition to that he has at hand the means, in the way of probation officers and custodial agencies, of making punishment more fully subserve the purposes of reformation.

2. The conclusion announced in the preceding paragraph is inescapable, unless the provision of said Section 12426, that all commitments of boys under seventeen years of age shall be made by the juvenile court, was repealed by implication by the Act of 1927 heretofore quoted. Repeals by implication are not favored: in order for a later statute to operate as a repeal by implication of an earlier one there must be such manifest and total repugnance that the two cannot stand: where two acts are seemingly repugnant, they must, if possible, be so construed that the later may not operate as a repeal of the earlier one by implication: if they are not irreconcilably inconsistent, both must stand. These principles of construction are well settled. [State ex rel. v. Stratton, 136 Mo. 423, 429, 38 S. W. 83.]

Turning now to the Act of 1927, we find that it naturally falls into two parts. The first invests with a certain discretion "the judge of any court having jurisdiction of delinquent children," etc., that is, the judge of any juvenile court. And such judge is given a discretion to this extent: "Any petition alleging a child to be delinquent may be dismissed and such child prosecuted under the general law." It will be noted that there is no requirement that such judge, if he concludes that the child should be prosecuted under the general law, shall order a transfer of the cause to a court of general criminal jurisdiction. There is in fact no necessity for such transfer, for as

we have seen, the child may be tried for the *crime* in a juvenile court. And this whether he has, or has not, passed his seventeenth birthday since the commission of the offense. Clearly there is no repugnancy between the first part of the Act of 1927 and said provision of Section 12426.

The second part of the act relates to a discretion granted to any court having general jurisdiction of criminal causes. That discretion is: to deny a motion or application to transfer the case of or charge against any delinquent child to the juvenile court, when in the judgment of the judge such child is not a proper subject to be dealt with under the reformatory provisions of the Juvenile Court Acts. Is this part of the act totally repugnant to or irreconcilably inconsistent with the provision of Section 12426 that all commitments of boys under seventeen shall be made by the juvenile court? Not if it be limited in its application to proceedings commenced against delinquent children after they have reached their seventeenth birthday. And such we deem to be the proper construction: it harmonizes the later act with the earlier statute and permits both to stand.

If the conclusions reached in the preceding paragraphs are sound, these further deductions must be drawn:

When a delinquent child is brought before a juvenile court charged with the violation of a criminal statute, the judge of that court must determine in the first instance whether such child shall be proceeded against as a delinquent, or prosecuted under the criminal law. If the child is then under seventeen years of age, the further proceeding, whichever it may be, must be had in his court; if the child is then seventeen years of age or over, the judge may, if he determines that the child should be prosecuted under the general law, either direct the trial to proceed in his own court, or order the cause transferred to a court having general criminal jurisdiction. When a child who has passed his seventeenth birthday is brought before a court of general criminal jurisdiction, charged with having committed a criminal offense while under seventeen years of age, that court may determine whether he should be dealt with as a delinquent, or prosecuted under the general law, and if it decides that he should be proceeded against as a delinquent, order the cause transferred to the juvenile court. But a court of general criminal jurisdiction is wholly without jurisdiction in cases in which a child under seventeen years of age is charged with the violation of criminal law: without jurisdiction to even determine which course should be pursued with respect to such child.

The discretion conferred by the Act of 1927 can of course be exercised but once in any given case: the decision of the court first having occasion to pass on the question must therefore be deemed final.

III. It is contended by relator that a statute which, in the case of two boys of the same age charged with the violation of the same

1102

criminal statute, permits one of them to be dealt with as a delinquent and the other to be tried and punished as a criminal is unconstitutional in that it denies to the latter the equal protection of the law. This challenge of unconstitutionality he levels specifically at what we have termed the discretionary Act of 1927; but it could with equal reason be directed to the Juvenile Court Act as a whole, as we have construed it.

One of the corollaries of the Fourteenth Amendment is: "that in the administration of criminal justice no different or higher punishment should be imposed upon one than such as is prescribed to all for like offenses." The statutes in question do not, however, prescribe a different or higher punishment for some boys under seventeen years of age than for others of the same age who commit like offenses. They in effect declare that all boys under seventeen years of age, having the capacity to commit crime, are subject to punishment for crime in the same manner and to the same extent as boys over that age; but that, if in a specific case it reasonably appears that the boy by reason of his character, temperament, disposition and antecedents may be reclaimed through reformatory measures, those measures may be substituted for punishment. A classification of boys under seventeen years of age who have violated criminal statutes is thus effected: those who are proper subjects to be dealt with under the reformatory provisions of the Juvenile Court Act; and those who are not. This classification is not a fanciful or arbitrary one. Boys like others of the species are not cast in the same mould. Measures that are sufficient to reclaim one are wholly without avail as to another. No discrimination between boys of the same class is effected by the statutes; and the courts who are authorized to determine the classification are invested with, not an arbitrary, but a judicial discretion to be exercised soundly in each instance. Our statute authorizing the court before whom a conviction is had to parole the defendant, if satisfied that he will not again violate the law (Sec. 4157), and various acts authorizing classifications of the inmates of the several penal institutions of the State, all rest, as to constitutional soundness, upon similar principles. We do not regard the statutes in question as violative of the constitutional provision invoked.

IV. Relator was under seventeen years of age at the time of the alleged commission of the crime of robbery with which he stands charged, but was not brought into court to answer the charge until after he became seventeen. (There are two cases pending against him, but for the purposes of this proceeding they may be treated as one.) If, therefore, he is "a proper subject to be dealt with under the reformatory provisions of . . . said article . . . 6," the proceeding against him should be transferred to the juvenile court; otherwise, he may be prosecuted in Division No. 11 of the Circuit Court, the court having general

jurisdiction of criminal causes. The case originated in the latter court, where, after waiver of a preliminary examination, relator was called to answer the charge of robbery in the first degree, preferred against him by information duly filed by the circuit attorney. Upon suggestion made to the court that relator was under the age of seventeen years, it was ordered that the information be certified and transmitted to the juvenile court. Thereafter, the juvenile court upon investigation ascertained that relator was at that time over the age of seventeen years, and ordered the cause retransferred to the court in which it had originated. It is plain from the record that the judge of neither court has exercised, or attempted to exercise, the discretion with which he is invested by the statute. Under the circumstances disclosed the duty now devolves upon the respondent, Judge of the Circuit Court for Criminal Causes, to determine whether relator is a proper subject to be dealt with under the reformatory provisions of the juvenile court law. If he finds that relator is such a subject, he should send the case to the juvenile court for disposition; otherwise, he should retain jurisdiction and proceed with it as a criminal cause. We cannot anticipate that respondent will in any wise disregard the statutory duties devolving upon him; our provisional rule should therefore be discharged and this proceeding dismissed. It is so ordered. *Atwood, Gantt* and *Walker, JJ.,* concur; *White, C. J.,* concurs in separate opinion, in which *Blair, J.,* concurs; *Frank, J.,* not sitting.

WHITE, C. J. (concurring).—I concur in general in all that is said in the opinion of Judge RAGLAND, except in the conclusion that when a proceeding is commenced against a child under the age of seventeen years, the court in which it occurs under the Act of 1927 has no discretion to deny an application to transfer the case to the juvenile court. The holding is unnecessary to a determination of the case, because the petitioner here was over that age.

The Act of 1927 (Laws 1927, pp. 129-130) is unambiguous, comprehensive and unconditional. It vests a wise discretion in trial judges and there is no reason why such discretion should be so limited. An earlier statute cannot override a later one where they are inconsistent.

I think the latter clause of the Act of 1927 is so unequivocal in giving a judge of a court of general jurisdiction discretion to deny *any* application to transfer a case against *any* delinquent child to the juvenile court, that placing a limit upon the exercise of any such discretion would defeat the purpose of the act. *Blair, J.,* concurs.