Ex PARTE ALVIN BASS, Petitioner.—40 S. W. (2d) 457.

Court en Banc, June 24, 1931.

ATWOOD, J.—This is an original proceeding by the Habeas Corpus Act to procure the discharge of Alvin Bass, who is alleged to be

unlawfully restrained by Leslie Rudolph, Warden of the Missouri State Penitentiary. Our writ was issued on petitioner's duly verified application, production of the body was waived, and verified return to said writ was filed by said warden stating that he held the body of said Alvin Bass "by virtue and under the authority of a commitment issued by the Juvenile Court of Greene County, Missouri, during the January Term, 1931, and dated the 28th day of January, 1931; a certified copy of which commitment is attached hereto and made a part of this return." The petitioner did not plead to this return, whereupon the warden filed motion for judgment on the pleadings.

In Ex parte Flournoy, 310 Mo. 355, 357, 275 S. W. 923, we said: "The return and not the petition is the principal pleading. [Ex parte Thornberry, 300 Mo. 1. c. 674.] The latter has performed its function when the writ is issued. It is to the return, therefore, that a traverse or denial must be made to the material facts set forth in the return, and upon its being filed the case is at issue. Without the filing of these pleadings no issue is presented, and only a dismissal is authorized, unless, as at bar, a failure to comply with the required procedure is ignored and the case is heard on the allegations of the petition alone."

We have also many times held that if the averments of the return are not denied or contradicted by some appropriate pleading, the facts set out in the return are to be taken as the ultimate facts in the case, regardless of the allegations pleaded in the petition. [State ex rel. v. Skinker (Mo. Sup.), 25 S. W. (2d) 472, 476; Schein v. Gallivan, 321 Mo. 268, 10 S. W. (2d) 521; Ex parte Knight, 308 Mo. 538, 540, 272 S. W. 922; Ex parte Thornberry, 300 Mo. 661, 666, 254 S. W. 1087, 1088; In re Tartar, 278 Mo. 356, 365, 213 S. W. 94; In re Breck, 252 Mo. 302, 319, 158 S. W. 843; Ex parte Durbin, 102 Mo. 100, 104, 14 S. W. 821; Ex parte Bryan, 76 Mo. 253.]

Looking then to the return for the ultimate facts in this case we find them in the certified copy of the commitment thereto attached and made a part thereof, which is in fact a certified copy of the judgment and sentence of the Juvenile Court of Greene County, Missouri, rendered Saturday, January 24, 1931, in the case wherein the State of Missouri was plaintiff and Alvin Bass was defendant, as follows:

"Now on this day comes on for hearing the above entitled cause, on information duly filed, in said court, charging, under oath, that the said defendant, on the 30th day of December, 1930, in the County of Greene, State of Missouri, violated the criminal laws of said State, in that he did then and there commit the crime of robbery in the first degree by means of a dangerous and deadly weapon, the said defendant appearing in open court in his own proper per-

son, and his counsel appearing in his behalf, and the parents of said defendant, and the prosecuting attorney of said county, also being present, and said defendant having talked to and consulted with a friend and with his said attorney, and the judge of said juvenile court having duly advised himself as to the previous record of said defendant, and having determined and directed that further steps, and the trial of said defendant, herein, shall proceed against said defendant, not as a delinquent, but under the general criminal law, and said information having been read to said defendant, and said defendant being now duly arraigned upon said information charging him with the commission of the crime hereinabove specifically stated, for his plea thereto says that he cannot deny but that he is guilty in manner and form as he stands charged in the said information and of this plea puts himself upon the mercy of the court. Whereupon the said court, having heard the plea of guilty aforesaid doth find that said defendant is over the age of sixteen years, but under the age of seventeen years; and also that the defendant is guilty as charged in the said information, and doth fix and assess the punishment of said defendant for said crime at imprisonment in the State Penitentiary, at Jefferson City, Missouri, for the period of twenty-five years from the 24th day of January 1931. And it is now by the court ordered that said defendant stand committed unto the charge and custody of the probation officer of this county to await the judgment and sentence of said juvenile court herein.

''And thereafter, on said day and date, come said defendent, his said attorney, his parents, and the prosecuting attorney of said county, each in his and her own proper person, here in open court, whereupon said defendant is informed by the court that he is adjudged guilty as charged in said information on his confession to the crime of robbery in the first degree by means of a dangerous and deadly weapon. And, being now asked by said court if he has any legal cause to show why judgment shall not be pronounced against him according to the general law governing crimes, and no sufficient cause being shown against it, it is therefore considered, adjudged, sentenced and ordered by said juvenile court, that said defendant, Alvin Bass, having pleaded guilty as aforesaid, be, and he hereby is by said court sentenced to be, imprisoned in the State Penitentiary at Jefferson City, Missouri, for the period of twenty-five years from the 24th day of January, 1931, there to be confined, kept and treated in the manner prescribed by law, until the sentence and judgment of the court herein be complied with, or until said defendant shall be otherwise discharged by due course of law. And it is further adjudged and ordered by said court that the said State have and recover of and from said defendant the costs of this prosecution and that execution issue therefor; also that the clerk of

said court shall forthwith make out and deliver to the probation officer of this county a certified copy of this judgment of conviction and sentence, duly certified by such clerk; and that said probation officer in person or by a general and usual deputy shall without delay cause said defendant to be transported to said penitentiary and delivered to the keeper thereof.''

The grounds of the illegality of the prisoner's detention stated in his application upon which our writ issued, and which are now urged in his behalf, are as follows:

''1. That the court in entering the dismissal of the proceedings in said cause under the juvenile procedure divested the court of all jurisdiction to further hear and determine the same, and all proceedings had thereafter under the said information signed by J. Will Webb, the Chief Probation Officer, was illegal and void for want of jurisdiction, and for the further reason that the court had directed that all proceedings following the said dismissal should be under the principles of procedure of the general criminal laws of the State and was void.

''2. All hearings by the court after the entry of the order and direction that the proceedings be had under the general criminal laws of the State were without jurisdiction and null and void because no indictment was ever returned under Article 2, Section 12, of the Constitution and the general criminal laws of the State of Missouri, to clothe said juvenile court with further jurisdiction as to the subject-matter and the person of the defendant and no information was filed by the prosecuting attorney of Greene County, Missouri, in compliance with Article 2, Section 12, of the Constitution and the general criminal laws of the State of Missouri, and the information signed and verified by J. Will Webb, Chief Probation Officer, filed in the juvenile court and thereafter dismissed by said court, is void for the reason that it does not comply with Article 2, Section 12, of the Constitution and with the general criminal laws of the State of Missouri, and under the procedure of the general criminal laws of the State of Missouri, is wholly void and fails to clothe the court with jurisdiction over the subject-matter and the person of the defendant to hear and try said cause.

''3. That the sentence and commitment was in violation of Article 2, Section 30, of the Constitution of the State of Missouri, in that it took from defendant his right to liberty without due process of law.''

The warden's return does not show that the court entered a dismissal of any proceedings in said cause under the juvenile procedure, but it does show that the court ''determined and directed that further steps, and the trial of said defendant, herein, shall proceed against said defendant, not as a delinquent, but under the general criminal law.'' It further appears that notwithstanding this de-

termination and direction, the court, still sitting as the juvenile court or division, continued to entertain jurisdiction of the case, accepting defendant's plea of guilty and finally sentencing and committing him to imprisonment in the state penitentiary. This procedure is not inconsistent with our ruling in State ex rel. v. Rutledge, 13 S. W. (2d) 1061, 1065, 321 Mo. 1090, that the juvenile court or division has exclusive jurisdiction in all cases in which persons under the age of seventeen years are charged either with delinquency or the commission of crime. However, under our later controlling decision in State ex rel. Wells v. Walker, 326 Mo. 1233, 34 S. W. (2d) 124, a juvenile court's jurisdiction in such a case ceases upon its determination and direction that the defendant shall be proceeded against, not as a delinquent, but under the general criminal law. It follows that the commitment issued in this case by the Juvenile Court of Greene County, by virtue and authority of which the warden of the state penitentiary holds petitioner, is void.

However, it does not follow that petitioner is entitled to an absolute discharge. Section 1468, Revised Statutes 1929, a provision of the Habeas Corpus Act, is as follows:

"If a prisoner be not entitled to his discharge, and be not bailed, the court or magistrate before whom the proceedings are had shall remand him to the custody or place him under the restraint from which he was taken, if the person under whose custody or restraint he was be entitled thereto; if not so entitled, then he shall be committed to the custody of such officer or person as by law is entitled thereto."

The warden's return shows that petitioner was charged with commission of the crime of robbery in the first degree by means of a dangerous and deadly weapon in Greene County, and that the juvenile court of that county determined and directed that he be proceeded against, not as a delinquent, but under the general criminal law.

It is therefore ordered that petitioner be committed to the custody of the Sheriff of Greene County to be dealt with accordingly in the circuit court of that county. *Ellison, J.*, concurs in separate opinion in which *Gantt, Frank, White* and *Henwood, JJ.*, concur; *Ragland, C. J.*, dissents in separate opinion.

ELLISON, J. (concurring).—I concur in the principal opinion by ATWOOD, J., but desire to add a word to what is said in the dissenting opinion of RAGLAND, C. J., concerning the right of this court to declare a statute unconstitutional *ex mero motu*.

For a long time it has been consistently held that in safeguarding its own jurisdiction this court may inquire whether a construction of the Constitution is involved and the question preserved in cases whereof appellate jurisdiction here depends on that ground (Art. 6, Sec. 12, Mo. Constitution), and this though the point be not raised by

any party to the proceeding. Sometimes, it is said, we may conclude a constitutional question *inheres* in a case even without a specific presentation of that issue either here or below—if it appears the trial court's judgment could not have been rendered without passing upon the question. [Syz v. Milk Wagon Drivers' Union, 323 Mo. 130, 137, 18 S. W. (2d) 441, 444; Schildnecht v. City of Joplin, 35 S. W. (2d) 35.|

These decisions bear on the right of this court to determine whether its jurisdiction attaches because the case calls for a construction of the Constitution. But in State ex rel. Wells v. Walker, 326 Mo. 1233, 34 S. W. (2d) 124, assailed in the dissenting opinion, we had unquestioned jurisdiction for another reason. It was an original proceeding in prohibition to keep one of the circuit judges of the State within his jurisdiction, and our writ was issued under Section 3 of Article 6, of the Constitution, which gives the Supreme Court ''a general superintending control over all inferior courts'' and confers on it power to issue original remedial writs. If we may raise a constitutional question *sua sponte* to keep ourselves within our jurisdictional range, may we not sometimes do the same thing to confine lower courts to their proper bounds? Being possessed of the cause and having the express right to determine constitutional questions, undoubtedly we have inherent power to decide them whenever necessary to a proper disposition of the case *presented*. And it is held in State ex rel. v. Nolte, 315 Mo. 84, 90-91, 285 S. W. 501, 503, that substantially the same rules govern the presentation and consideration of constitutional questions in an original proceeding here as apply in appealed cases, and that this court may decide such questions when inherently involved in the determination of the case, although they have not been raised as orderly procedure requires.

In criminal cases sometimes a mandate of the Constitution cannot be thwarted merely because the defendant consents. Thus it was ruled in State v. Mansfield, 41 Mo. 470, 475, and State v. Talken, 316 Mo. 596, 600, 292 S. W. 32, that a defendant in a felony case cannot waive his constitutional right to a jury trial even by consent below and failure to raise the point in this court on appeal. And jurisdiction of the subject-matter cannot be waived. Speaking with reference to the rights of a defendant it is said in 12 Corpus Juris, section 203, page 774: ''Those rights guaranteed to accused persons by the constitution in which the state as well as the accused person is interested may not be waived by the accused, and therefore submission by him to proceedings under statutes in derogation of these rights does not estop him to deny the validity of such statutes. Of this nature, for example, are all statutes affecting the jurisdiction of the court.'' Again, the same work declares, Section 217, page 786, that ''by the better rule the question as to the constitutionality of a

statute on which a criminal prosecution is based may be raised for the first time at any stage of the proceedings, either in the trial court or on appeal.''

Without meaning to sanction a broad application of these statements of the law to every situation their language might seem to cover, it can be safely asserted they do suggest there are instances in which the constitutionality of a statute affecting the jurisdiction of our courts as institutions, particularly in criminal causes, may be a question inseparably connected with the case—a question in which the State has a vital interest that it cannot waive, if the State can raise such questions at all; for if it be true that the defendant cannot waive such questions *because* the State has an interest in them, how can it be contended the State itself cannot raise them, or may waive them?

But the dissenting opinion so holds, declaring the constitutionality of the concluding sentence of Section 12426, Revised Statutes 1919, now Section 8350, Revised Statutes 1929, can never be challenged except by some boy under seventeen years of age who has been committed to the Missouri Reformatory. pursuant to its provisions—this under the general rule that constitutional objections cannot be interposed except by a person whose property or rights are affected, and evidently on the further theory that a circuit judge acting officially in defense of his jurisdiction, and not in defense of his personal rights, does not come within that class. To this the writer does not agree as applied to the facts of the instant case, though the authorities are conflicting. [30 A. L. R. 397, note.]

The State has a direct interest in the integrity of its Constitution. [State ex rel. Brewster Atty.-Gen. v. Doane, 98 Kan. 435, 440, 158 Pac. 38.] In State v. Wiley, 109 Mo. 439, 444, 19 S. W. 197, it was held the State could in an appropriate direct proceeding assail the constitutionality of an act establishing a criminal court in Greene County; and in State ex rel. Wiles v. Williams, 232 Mo. 56, 71, 133 S. W. 1, 34 L. R. A. (N. S.) 1060, it was ruled by this Court en Banc without dissent that even a ministerial officer, a county treasurer, could attack the constitutionality of a statute when advised by the Attorney-General to do so. And in Michigan it has been held the Attorney-General may attack the constitutionality of a statute by *quo warranto.* [Taggart, Atty.-Gen., ex rel. Mason v. Perkins, 73 Mich. 303, 312, 41 N. W. 426.]

It will not do to say that in all instances we may invoke the Constitution though the parties do not, merely because we have jurisdiction of the controversy for some other reason—as, for illustration, that the amount in dispute exceeds $7500, that the title to real estate is involved, or because the proceeding originated here. The unconstitutionality of a statute generally may be waived by the litigants.

Furthermore, the decision of such questions where the authority exists, is, as has been said, one of the gravest and most delicate of judicial functions and ordinarily should follow only after argument and mature consideration. There is also the matter of comity, or due regard for the co-ordinate legislative department of the state government to be considered. It was only after years of evolutionary struggle that the paramount authority of the judiciary was established. [12 C. J. sec. 206, p. 777, et seq.]

But in the Wells-Walker case, supra, this court was confronted with what it deemed a hopeless clashing between two statutes: Laws 1927, page 129, now Section 14163, Revised Statutes 1929, permitting the judge of any court having jurisdiction of delinquent children in his discretion to order such children to be prosecuted under the *general* criminal law, and Laws 1927, page 379, amending Section 12426, Revised Statutes 1919, now Section 8350, Revised Statutes 1929, requiring all commitments of boys under the age of seventeen to the Missouri reformatory, training school or penitentiary to be made by the *juvenile division* of the circuit court. The court was not satisfied with the effort to harmonize the two statutes made in State ex rel. v. Rutledge, 321 Mo. 1090, 13 S. W. (2d) 1061, and considered them in conflict; but held Section 14163 (and 14162) repealed the foregoing part of Section 8350 by implication, and further on its own motion that the objectionable part of Section 8350 is unconstitutional because not covered by the title of the acts in which it was included, and because it denies to *girls* equal protection of the law, the last mentioned view being in accord with the general holding and theory (though on different facts) of State v. Gregori, 318 Mo. 998, 2 S. W. (2d) 747.

There may be some question about the right or propriety of a court's declaring unconstitutional a statute which it has already held was repealed; but this was obviously because the learned author of the opinion was unwilling to rest his conclusions on the latter ground alone. The situation was one where the public interest was involved. The matter was left in doubt as to whether the criminal court or the juvenile court had jurisdiction in certain circumstances to try minors under seventeen accused of violations of our criminal laws, where liberty or even life might be at stake. In this situation the court was justified in raising constitutional questions deemed decisive of the case.

In State ex rel. Kelly v. Kirby, 260 Mo. 120, 168 S. W. 746, an attempt was made by writ of prohibition to attack the constitutional existence of the Juvenile Court of Greene County, and this court refused to entertain it because the relator had filed no demurrer or any sort of adversary pleading to the return of the respondent circuit judge. But in the course of the opinion this court referred to

the gravity of the matter and said an attempt to overthrow a juvenile court "established by the Legislature from the most humane motives and . . . designed to protect and help the future men and women of the State and fit them for the duties of citizenship, should only be brought upon the reasonable belief that the act sought to be annulled violates the constitutional rights of the relator in some essential manner;" and the opinion further said this court would not consider such an attack, even if properly presented, if there were any reasonable theory upon which the act of the Legislature could be constitutionally upheld.

In the Wells-Walker case, the effort was not to overthrow a court resting on a solid statutory foundation, because of some supposed underlying constitutional infirmity in the statute, but it was rather to uphold both the juvenile courts and the criminal courts by delimiting their respective jurisdictions and relieving them from confusion resulting from a *conflict* in the statutes. The same reasons that restrained this court in the Kelly-Kirby case from entertaining the constitutional questions tendered made it necessary and to the public interest to decide them in the Wells-Walker case. But in the opinion of the writer the circumstances were exceptional and the Wells-Walker case ought not to be regarded as authority generally permitting this court to raise constitutional questions when they have not been presented and preserved as orderly procedure requires.

The Wells-Walker case being properly ruled on its facts, the principal opinion in the instant case, which follows it, is correctly decided. *Henwood, White, Frank* and *Gantt, JJ.,* concur; *Ragland, C. J.,* dissents.

RAGLAND, C. J. (dissenting).—The proceedings of the Juvenile Court of Greene County, challenged in this proceeding, were governed by the Juvenile Court Act applicable in counties having a population of 50,000 or more. State ex rel. v. Walker, 326 Mo. 1233, 34 S. W. (2d) 124, arose under the Juvenile Court Act applicable in counties having less than 50,000 population. That act does not create a separate juvenile court, but confers upon circuit courts, in addition to the general criminal jurisdiction which they possess, jurisdiction of all cases coming within the terms of the act. The question in the Walker case was whether the Circuit Court of Howard County, invested with both jurisdictions, had the power to direct that a fourteen-year-old boy charged with the crime of burglary be proceeded against under the general (criminal) law, instead of under the juvenile court law. As that was the sole question presented for decision, anything said in the opinion in that case not necessary to such decision, and there was a great deal, is pure *obiter*. Certainly the discussion questioning the constitutionality of certain provisions

of Section 12426, Revised Statutes 1919 (Sec. 8350, R. S. 1929), was not only gratuitous, but wholly unwarranted. Neither party to the controvery had raised any question touching the constitutionality of that statute; neither party on the. record presented in this court could have raised any such question. The *statute is presumed to be valid,* and only when some person attempts to resist its operation and calls in the aid of the judicial power to pronounce it void, as to him, his property, or his rights, can the question of constitutionality be presented or considered. [State ex rel. v. Blake, 241. Mo. 100, 107; 12 C. J. 760, sec. 177 et seq.] A court is warranted in declaring a statute unconstitutional *ex mero motu,* when, and only when, it is necessary to do so in order to preserve unimpaired its own constitutional jurisdiction and authority. No person other than some boy under the age of seventeen who has been committed to the Missouri reformatory, the Missouri training school, or the penitentiary, pursuant to the statute in question, will ever be in a position to challenge its constitutionality. The attempted nullification is too palpable a violation of the fundamental principles of constitutional law to be effective.

The *occasion* made use of by the court in the Walker case for the purpose of declaring said Section 12426 void came about in this way. The court was called upon to construe the Act of 1927 vesting a certain discretion in judges of juvenile courts and judges of courts of general criminal jurisdiction, that is, to determine what the Legislature intended by the enactment. Section 12426, amended in certain particulars at the same session, was to some extent *in pari materia* with the act to be construed. The court, looking at both statutes *in search of the legislative intent,* declared one unconstitutional and *thereupon wiped it out.* The question as to the meaning of the one remaining then seemed easy of solution. From the standpoint of either constitutional law or statutory interpretation the case is unique.

For the reasons indicated the Walker case, when properly construed, is without influence in the decision of the one at bar. On the contrary State ex rel. v. Rutledge, 13 S. W. (2d) 1061, is controlling; it should be followed, or else overruled. I, therefore, respectfully dissent from the principal opinion.

ON MOTION FOR REHEARING.

PER CURIAM:—The State in its motion for rehearing complains of several alleged errors committed by this court in remanding the petitioner to the Sheriff of Greene County.

I. It was alleged in the petition and appeared in the argument of the case, without dispute, that Alvin Bass was committed to the

penitentiary on charge of a felony when no information had been filed by the prosecuting attorney charging the crime, contrary to Section 12, Article II of the Constitution, and Section 3504, Revised Statutes 1929, requiring that all informations shall be signed by the prosecuting attorney.

The movent calls attention to Section 14142, Revised Statutes 1929, requiring all proceedings under the article relating to juvenile courts to be by information filed by the city, prosecuting or circuit attorney, with a proviso that the probation officer may file an information or complaint. That proviso can apply only to proceedings in the juvenile court where one is proceeded against as a delinquent child and not as a criminal under the general law.

The motion also mentions Section 14136, Revised Statutes 1929, which vests general jurisdiction of delinquent children in a juvenile court in counties of more than fifty thousand inhabitants, and Section 13147, by which probably Section 14147 was meant. It has no relevancy to the question under consideration here. The Juvenile Court of Greene County was without jurisdiction to commit the petitioner to the penitentiary for the commission of a crime because no information had been filed by an officer having authority to file an information charging a crime.

II. The Juvenile Court had no jurisdiction to sentence the petitioner to the penitentiary or order his commitment even if a proper information had been filed. The petitioner cites Section 8350, Revised Statutes 1929, as authorizing the juvenile court to render such sentence and make a commitment. There is nothing in that section which supports his position except the closing sentence which was definitely held to be unconstitutional in State ex rel. Wells v. Walker, 326 Mo. 1233, 34 S. W. (2d) l. c. 129 et seq.

The entire purpose and policy of the Juvenile Court Law was to provide a tribunal for the determination of delinquencies in children, to provide not punishments but reformatory measures. Such a court was not vested with power to entertain a criminal prosecution. "The proceeding is not transformed into a prosecution for crime by the mere adoption of practice in criminal cases as far as applicable under the act." [Matacia v. Buckner, 300 Mo. l. c. 365, 366; Secs. 1938, 3501, and 14137, R. S. 1929.]

III. The motion complains further that the decision in this case went upon the theory that the proceeding in the juvenile court had been dismissed and the case transferred to the Criminal Court of Greene County, when in fact no such dismissal or transfer had been made. The petition for the writ of habeas corpus in this case states that the judge of the

juvenile court entered his dismissal of the proceeding under the juvenile procedure and ordered and directed that the cause be tried under the procedure of the general criminal laws of this State; that thereafter the said Alvin Bass was arraigned, etc. The return of the warden of the penitentiary to the alternative writ contains a copy of the proceedings in the Juvenile Court of Greene County. The record shows that the defendant appeared in open court by his own person, the parents of the defendant and the prosecuting attorney being present, and the judge of the juvenile court "having duly advised himself as to the previous record of said defendant, and having determined and directed that further steps, and the trial of said defendant herein shall proceed against said defendant, not as a delinquent, but under the general criminal law," the defendant was arraigned, etc.

Whether there was a distinct and separate order transferring said cause from the juvenile court to the court of general jurisdiction the record here does not show. Nor does it show that there was a dismissal of the proceeding in the juvenile court. Even if the State were right in its position here that the jurisdiction was not transferred from the juvenile court to the court of general jurisdiction, still since the juvenile court had no jurisdiction to commit the prisoner, the prisoner would have to be remanded for proceeding according to law. But Section 14163, Revised Statutes 1929, is very definite and clear, giving discretion to the judge of any court having jurisdiction of delinquent children to dismiss such proceeding and order such child to be prosecuted under the general law. The section further contemplates that the proceeding under the general law shall be made in a court or before a judge having general jurisdiction of criminal cases. The order actually made by the judge of the court contemplates that the proceeding against the petitioner as against a delinquent child was already dismissed or would be dismissed.

IV. The mover finds certain difficulties in remanding the petitioner to the Sheriff of Greene County in whose custody he never was. The opinion cites Section 1468, Revised Statutes 1929, which provides that the prisoner be not discharged and be not bailed and if the person under whose custody or restraint he was not entitled thereto then he shall be committed to the custody of such officer or person as by law is entitled thereto. The petitioner was not entitled to his discharge, because he stood accused of a crime; plainly under that statute the proper custodian of his person until further order of the court was the Sheriff of Greene County, and the order remanding him to the custody of the sheriff was proper.

The motion is therefore overruled. All concur, except *Ragland*, *C. J.*, who dissents.