STATE OF MISSOURI, RESPONDENT, v. CHARLES EDWARD WITT, APPELLANT.—67 S. W. (2d) 817.

Kansas City Court of Appeals. January 29, 1934.

*James R. Page,* Prosecuting Attorney, *J. Frank Flynn,* Assistant Prosecuting Attorney, and *Ira B. McLaughlin,* of counsel, for State.

*Ralph S. Latshaw, Jr.,* and *James H. Anderson* for appellant.

BLAND, J.—Defendant was convicted, in the juvenile court, upon an information charging him with the commission of the crime of seduction, resulting in a judgment that he was a delinquent child and an imposition of a sentence of four years in the State Reformatory at Boonville.

The cause was first submitted at the March term, 1931, and resulted in an opinion reversing and remanding the cause for alleged errors committed in the trial. However, the State sued out a writ of *certiorari* in the Supreme Court and that court has quashed our opinion. [See State ex rel. v. Trimble, 63 S. W. (2d) 37.] Thereafter, the cause was again set down for argument in this court and has been submitted by the parties for determination.

It appears from the record that defendant became twenty-one years of age on September 7, 1933, and he has suggested to us that the case has now become a moot one. We think there is no doubt but that this contention must be sustained. Under the provisions of sections 14136, 14163 and 8350, the juvenile court has no jurisdiction over children who have reached the age of twenty-one years, at the outside. [See State ex rel. v. Rutledge, 321 Mo. 1090.] Section 14136 provides that when jurisdiction has been acquired over the person of a child under seventeen years of age (it appears that defendant was under that age at the time he was convicted and sentenced to the reformatory): "Such jurisdiction shall continue, for the purpose of this article, until the child shall have attained its majority; but nothing in this article shall prevent the juvenile court from inflicting a punishment which shall extend beyond the age of majority in cases where the delinquent shall be convicted of a crime, the punishment of which under the statutes of this State, when committed by persons over the age of eighteen years, is death or imprisonment in the penitentiary for a term of not less than ten years." Under the provisions of this section of the statutes the court has no jurisdiction, nor did it attempt to sentence the defendant to a term extending beyond the age of his majority, as the punishment for the crime of seduction is imprisonment in the penitentiary for a term of two to five years. [Section 4011, R. S. 1929.] Thus it seems apparent that were the judgment to be affirmed and the cause remanded the juvenile court could not carry out its judgment and sentence, as the defendant has now reached his majority and the juvenile court no longer has any juris-

diction over him. [McLaren v. States (Tex.), 209. S. W. 669; State ex rel. v. Pence, 303 Mo. 598; State ex rel. v. Rutledge, supra; Leahy v. Campbell, 274 Mo. 343.]

It is quite apparent that the case has become moot. "Courts are confined to their judicial action to real controversies wherein the legal rights of parties are necessarily involved and can be determined, and something further is sought than the mere declaration of a right." [1 C. J., p. 973; see, also, State ex rel. v. McElhinney, 241 Mo. 592, 605.]

It is insisted by the State that the case has not become a moot one for the reason that there are many questions presented making it of such public interest as to justify a decision of the points raised, but just what these transcendently important questions are is not pointed out by it, and we fail to find any.

We have examined the case of State ex rel. v. Truman, 64 S. W. (2d) 105, cited by the State and find that in that case, the law authorizing the appointment of the relator as delinquent tax attorney' had been repealed and, consequently it was contended, that the case presented merely a moot question. However, the court held that whether a delinquent tax attorney was a public officer, was of such vital interest as to call for a decision on the merits. No similar situation is presented in the case at bar.

It follows, from what we have said that the appeal should be dismissed and it is so ordered. All concur.