State ex rel. Matacia v. Buckner.

---

THE STATE ex rel. FRANK MATACIA v. THOMAS B. BUCKNER, Judge of Circuit Court, and Judge Pro Tem. of Juvenile Court, of Jackson County.

In Banc, August 8, 1923.

1.   **PROHIBITION: Return: Sufficiency Once Ruled.**  Where a motion to permit respondent to adopt a return is filed and sustained, the question whether it was filed by the proper respondent, having then been ruled, is no longer in the case.

2.   **DELINQUENT CHILDREN: Proceeding in Juvenile Court: Constitutional Guaranties in Criminal Cases.**  The purpose of the Act of 1911, Laws 1911, p. 177, pertaining to neglected and delinquent children, is not trial and punishment for crime, but the protection and support of neglected and delinquent children, and a proceeding under the act, the aim of which is the exertion of the State's power, as *parens patriae*, for the reformation of a child, and not his punishment under the criminal law, is not a criminal case, and the constitutional guaranties given defendants in criminal cases, such as indictment, counsel for accused, compulsory process for witnesses and a trial by jury, do not apply.

State ex rel. Matacia v. Buckner.

3. ————: ————: **Information: In Form Used in Criminal Prosecution.** The proceeding under the Act of 1911 pertaining to neglected and delinquent children is not transformed into a prosecution for crime by the mere adoption of the practice in criminal cases as far as applicable under the act. Although the information filed by the probation officer may state that the delinquent child has committed an offense which under the criminal statutes is denounced as a felony, but makes such statement merely to bring the child within the definition of delinquent children, the purpose and substance of the act remain as before, and the proceeding is not thereby transformed into a prosecution for crime.

4. ————: **Establishment of New Court.** The Act of 1911, Laws 1911, p. 177, pertaining to neglected and delinquent children and committing to a division of an existing circuit court or a criminal court the enforcement of the power of the State to provide for their reformation and support, to be known when exercising such power as a juvenile court, created no new court, and divested no court of a jurisdiction it already had.

5. ————: ————: **Title: Use of Word ''Establish.''** While the title of the Act of 1911 speaks of establishing juvenile courts, the act itself shows that the word "establish" is not used in the sense of "create," but rather in the sense of "appoint" or "designate."

6. **TITLE TO ACT: One Subject.** If the matters stated in the title of an act are all congruous to one legislative purpose, it does not violate the constitutional requirement that an act shall embrace only one subject, which shall be clearly expressed in its title. If the title says that the act is one "to regulate the treatment and control of neglected and delinquent children and to provide the necessary places of detention thereof," subsequent clauses particularizing the court which is to execute this main purpose and defining its jurisdiction, and repealing certain existing statutes, do not render the title incongruous, nor does the act embrace more than one subject because it contains sections responding to those particular clauses.

7. ————: ————: **Repeal by Implication: Repugnancy.** Repeal by implication is a result of repugnancy between an earlier and a later act. If the later act is passed under a title which, independently considered, is sufficient when tested by Section 28 of Article IV of the Constitution, declaring that an act shall embrace only one subject, which shall be clearly expressed in its title, it repeals every other act or part of act which is so repugnant to it that the two cannot stand together.

8. **DELINQUENT CHILDREN**: Punishment for Crime: Prohibition. If there are any provisions in the Act of 1911 which look to the punishment of crime committed by delinquent children, such punishment cannot be inflicted except upon trial by jury, and if such provisions deny such constitutional guaranties they are invalid, and may be rejected without affecting the jurisdiction which the act confers to provide for the detention of such children for purposes of reformation; but their validity cannot be determined upon prohibition challenging the jurisdiction of the judge of the juvenile court in a matter in which no such trial is contemplated and no punishment of the delinquent relator for a crime is sought or threatened.

Prohibition.

PRELIMINARY RULE DISCHARGED.

*Frank Benanti, Harry L. Jacobs* and *Julius C. Shapiro* for relator.

(1) Prohibition is the proper remedy where the court lacks or exceeds jurisdiction, and an appeal does not afford a sufficiently speedy or adequate relief. State ex rel. v. Fort, 210 Mo. 512; State ex rel. v. Burney, 193 Mo. 336; State ex rel. v. Latshaw, 237 S. W. 770. (2) No return having been filed within the required time, and the attempted correction by respondent of the matters complained of made during the pendency of the preliminary writ, being a nullity, relator's motion for judgment on the pleadings should be sustained. Secs. 2060, 2065, R. S. 1919; State ex rel. v. Barnett, 245 Mo. 99; State ex rel. v. Rassieur, 190 S. W. 915. The act attempts to prescribe a summary procedure for punishing crimes without providing for indictment, proper information, counsel for the accused, arraignment, bail, jury trial (except on demand), public trial, compulsory process for witnesses, and hence, being violative of the Constitution, is void and of no effect. Secs. 12, 22, 24, 28, 30, Art. 2, Mo. Const.; Sec. 38, Art. 6, Mo. Const.; Sec. 1, Art. 14, Amend. U. S. Const.; State ex rel. v. Tincher, 258 Mo. 1; State ex rel. v. Kirby, 260 Mo. 120; State v.

Kyle, 166 Mo. 287; Ex parte See, 241 Mo. 292; People ex rel. O'Connell v. Turner, 55 Ill. 280; Roth v. House of Refuge, 31 Md. 329; State ex rel. v. Ray, 63 N. H. 406; Re Sanders, 53 Kan. 200; Knowack v. Children's Aid Society, 158 N. Y. 482; People ex rel. v. Board of Managers, 148 Ill. 413; Robinson v. Wayne, 151 Mich. 315; Mansfield Case, 22 Pa. Sup. Ct. 224; Hogue v. State, 220 S. W. (Tex.) 97. (4) The act contains more than one subject; and the subject of prosecutions for alleged crimes is not expressed in the title as required by the Constitution. Secs. 28, 34, Art. 4, Mo. Const.; State v. McEntry, 269 Mo. 228; State v. Sloan, 258 Mo. 305; Booth v. Scott, 205 S. W. 633; State v. Fulk, 207 Mo. 26; Kansas City v. Payne, 71 Mo. 162; Witzmann v. So. Ry. Co., 131 Mo. 612; State v. Persinger, 76 Mo. 346; Milne v. People, 224 Ill. 125. (5) The body of the act is broader than its subject and contains matters not germane thereto. Amendments were attempted to be made to then existing statutes without the subject title announcing such contemplated amendments or repeals, and hence is violative of the Constitution and of no force and effect. Secs. 4205, 4206, 1007, 5055, 5056, 5057, 1529, R. S. 1909; Secs. 2660, 2661, 736, 3847, 3848, 3849, 12426, R. S. 1919; Secs. 5253, 5254, R. S. 1909; Secs. 4047, 4048, R. S. 1919; Secs. 28, 34, Art. 4, Mo. Const.; State ex rel. v. Baker, 129 Mo. 482; State ex rel. v. Great Western Coffee Co., 171 Mo. 634; State ex rel. v. Assurance Co., 251 Mo. 294. (6) The act attempts to divest the criminal court of jurisdiction and to establish a new court of record of exclusive jurisdiction, in violation of the Constitution. Secs. 1, 22, 31, Art. 6, Mo. Const.; Ex parte Snyder, 64 Mo. 58; State ex rel. v. Nast, 209 Mo. 78; State ex rel. v. Tincher, 258 Mo. 1; In re Lechter, 190 S. W. 19; Mansfield Case, 22 Pa. Sup. Ct. 224; State v. Newell, 90 S. E. (N. C.) 594; Hicks v. State, 92 S. E. (Ga.) 216; In re Parker, 118 La. 471.

*Griffin & Orr, Seehorn, Barnes & Schwartz* and *W. B. Brown* for respondent.

(1) The act throws about the juvenile defendant every protection provided by the practice and procedure in a criminal charge against an adult in the criminal court of the State. Sec. 2502, R. S. 1919; In re Turner, 94 Kan. 115; In re Sharp, 18 L. R. A. (N. S.) 886; Lindsey v. Lindsey, 45 L. R. A. (N. S.) 908. (2) The title to the act is not violative of the Constitution. Ex parte Loving, 178 Mo. 194; Ex parte Powell, 170 Pac. 1022; Commonwealth v. Fisher, 213 Pa. St. 48. (3) The body of the act is not broader than its subject title and contains no matters not germane thereto. Lynch v. Murphy, 119 Mo. 163; Ex parte Loving, 178 S. W. 194; State ex rel. v. Kirby, 260 Mo. 120; State ex rel. v. Wilder, 197 Mo. 27.

JAMES T. BLAIR, J.—Prohibition. Relator is a minor under the age of seventeen years and seeks a writ prohibiting respondent from proceeding under the Act of 1911 (Laws 1911, p. 177, et seq.; Sec. 2591, R. S. 1919) pertaining to neglected and delinquent children in counties having a population of fifty thousand or more.

The proceeding against relator is pending in the Division of the Circuit Court of Jackson County which has been designated as the Juvenile Court, and which also constitutes the second division of the Criminal Court of Jackson County. The regular judge of the division disqualified and called in respondent to sit in the case. A probation officer of Jackson County signed, swore to and filed in the juvenile court an information charging that relator had committed rape. Subsequently, this information was amended. Thereafter a motion to quash was filed and overruled. On application a preliminary rule in prohibition was granted against respondent. A return was filed under the name of the regular judge of the division, as Judge of the Juvenile Court. A motion to make the preliminary rule absolute for want of a return, and a motion to discharge the preliminary rule, and another to permit respondent to adopt the return, were filed. The first two were overruled, and the third was sustained. In the meantime and prior to the filing of the return, the Prosecuting Attorney of Jackson Coun-

ty filed his information in the same division, wherein he charged relator with rape and alleged that he was a delinquent child under the Act of 1911. The issues were made up in this court by motion to make the rule absolute. The cause was argued and submitted in May.

Relator contends (1) his motion for judgment on the pleadings should be sustained because no sufficient return has been filed; (2) the act in question is violative of the constitutions, State and Federal, in that it "attempts to prescribe a summary procedure punishing crimes without providing for indictment, proper information, counsel for the accused, arraignment, bail, jury trial (except on demand), public trial, compulsory process for witnesses;" (3) the act attempts to devest the criminal court of jurisdiction and to establish a new court of record of exclusive jurisdiction in violation of Sections, 1, 22 and 31 of Article 6 of the State Constitution; (4) the act (a) contains more than one subject, and (b) the subject of prosecution for alleged crimes is not expressed in the title as required by the Constitution; (5) the act (a) is broader than the title and contains matter not germane thereto, and (b) "amendments were attempted to be made to then existing statutes without the subject title announcing such contemplated amendments or repeals, and hence in violation of the Constitution."

I. The point made on the sufficiency of the return is based upon the fact that it was filed in the name of the regular judge of the division instead of respondent who had been called in to conduct the proceedings. This question was decided on the motions referred to in the statement, and on the showing then made respondent was permitted to adopt the return filed. The question is no longer in the case.

Proper Respondent.

II. The second contention is that the proceeding is one for the punishment of crime and that the act is invalid

because it denies relator the protection of certain constitutional provisions applicable to trials for crime. There is language in the act that gives color to the view that it authorizes trial and punishment for crime. It is obvious that a child on trial for crime with a view to his conviction and punishment for the crime itself, as such, is entitled to invoke all the constitutional provisions applicable in such a situation. If he is old enough to be tried and punished for crime, he cannot be denied constitutional rights as a defendant in a criminal case because he has not attained a particular age. [State ex rel. v. Tincher, 258 Mo. l. c. 19, et seq.] The act has another aspect in which it is not affected by this rule. Its principal, if not sole, purpose is not trial and punishment for crime, but the protection and support of neglected children and the reformation of delinquent children. It is well settled that in the case of delinquent children the State has the power in proper circumstances to take over their custody in order to insure their security, training and reformation [State ex rel. v. Tincher, supra, and cases cited; In re Sharp, 15 Idaho, 120, 18 L. R. A. (N. S.) 886, and note; In re Hook, 95 Vt. 497, 115 Atl. 730.] The power exerted by the State, *parens patriae,* is asserted in its right to supply proper custody and care in lieu of that of which neglected and delinquent children are deprived. [Farnham v. Pierce, 141 Mass. l. c. 205; Ex parte Ah Peen, 51 Cal. 280; In re Turner, 94 Kan. 115, and cases cited.] A proceeding under the act, the aim of which, as in this case, is the exertion of the State's power, *parens patriae,* for the reformation of a child and not for his punishment under the criminal law, is not a criminal case, and the constitutional guaranties respecting defendants in criminal cases do not apply. This is obviously true and is the rule of the decisions. [In re Sharp, supra, and cases cited; Com. v. Fisher, 213 Pa. 48; State v. Brown, 50 Minn. 353; Pugh v. Bowden, 54 Fla. 302; Ex parte Bowers, 78 Ore l. c. 395; In re Powell, 6 Okla. Cr. l. c. 507 et seq.; Ex parte Januszewski, 196 Fed. 123;

*Marginal note:* Constitutional Guaranties in Criminal Cases.

United States ex rel. v. Behrensohn, 197 Fed. 953.; Ex parte Bartee, 76 Tex. Cr. 1. c. 287 et seq.] In this case the alleged criminal act of relator is not set up as a charge of crime and a predicate of punishment under the criminal law, but merely as the thing which brings relator within the definition of "delinquent children" in the act and shows he is within the class over which the State is authorized to exert its power of *quasi*-parental control. [Childress v. State, 133 Tenn. 1. c. 123.] The informations are so drawn. The proceeding is not transformed into a prosecution for crime by the mere adoption of practice in criminal cases as far as applicable under the act. The purpose and substance of the act remains as before. Convenient machinery at hand is borrowed by the act to avoid the necessity of setting up independent machinery of its own.

The cases chiefly relied upon by relator are unlike this case and have been distinguished in cases cited, and In re Ferrier, 103 Ill. 367; Farnham v. Pierce, 141 Mass. 1. c. 204; Mill v. Brown, 31 Utah, 473.

III. The act does not establish a new court. It merely commits to a regular division of an existing court the enforcement of authority the State clearly possesses. The court is called a Juvenile Court with respect to its proceedings under the act, but this in no way changes the fact that it is a division of the Circuit Court and of the Criminal Court, as well, as already pointed out. With respect to the proceedings purely for reformation, and the like, the Criminal Court could not be devested of jurisdiction of them, since it had no such jurisdiction. As regards purely criminal procedure, it retains that jurisdiction and exercises it subject to such valid provisions of the act as pertain thereto. While the title speaks of establishing juvenile courts, the act shows that the word "establish" is not used in the sense of "create" but rather in the sense of "appoint" or "designate." [In re Powell, supra; DeKay v. Oliver, Judge, 161 Iowa, 1. c. 553.]

IV.  The title of the Act of 1911 is as follows: ''An Act to regulate the treatment and control of neglected and delinquent children, and to provide the necessary places of detention therefor; and to establish juvenile

**Title.**  courts in counties having a population of fifty thousand inhabitants and over; and to define the jurisdiction of such juvenile courts over children, and repealing Article VI and Article VII of Chapter 25 of the Revised Statutes of Missouri, 1909, with an emergency clause.''  The rule invoked is that the title of an act shall embrace but one subject and that shall be clearly stated.  There seems to be no reason to think the subject is other than single.  The matters stated are all congruous to the one legislative purpose, which is to provide custody and reformation for children in need of it and to set up machinery for securing it.  [Ex parte Loving, 178 Mo. 194.]  The particulars which follow the general clause in the title are well within that clause and are so stated that they do not constitute a limitation upon it. They provide the means for carrying out the general purpose.  They are incident to the purpose and furnish no basis for the argument designed to defeat it.

The criminal law is affected, if at all, by implication. As said in State ex rel. v. Tincher, supra, the act extends the presumption of incapacity to commit crime to the age of seventeen.  Repeals by implication are not dependent upon the presence in titles or acts

**Repeal by Implication.**  under them of express mention of the matter so repealed.  Repeal by implication is a result of repugnancy between an earlier and a later act. If the later act is passed under a title which, independently considered, is sufficient when tested by Section 28, Article IV, of the Constitution, it repeals every other act or part of act which is so repugnant to it that the two cannot stand together.  The decision relied upon (State ex rel. v. Assurance Companies, 251 Mo. l. c. 291 et seq.) contains nothing to the contrary.  In that case the act considered contained nothing repugnant to the former act, and its title was not of a character to in-

clude or cover any repugnant matter. The court so held. The arguments on this phase of the case which move upon the assumption that the proceedings under the Act of 1911 are all purely criminal prosecutions are unsound because that assumption is incorrect, as already pointed out.

V. With respect to the contention that there are provisions in the act which look to the punishment of crime committed by children embraced within the act, it may be repeated that *punishment* for crime cannot be inflicted except upon *trial* for crime, and that in trials for crime minors cannot be denied the protection of applicable constitutional provisions.

This is a proceeding by prohibition. The question is one of jurisdiction. If there are provisions with respect to the trial of minors for crime which are unconstitutional, these may be, as is conceded, rejected without affecting the jurisdiction the act confers to provide custody for purposes of reformation. If the act permits the trial and punishment of children for crimes they may commit, the trial must be conducted and punishment inflicted with due regard to the Constitution. It is not to be assumed the court would proceed otherwise. In this case no such trial is contemplated in the proceeding which has been instituted. Under the statute relator is a delinquent child if he has committed rape. The charge is that he is a delinquent child, and the proof of it is alleged to be that he is guilty of rape. It is not sought to punish him as a rapist, but to reform him from his state of delinquency. Whether the State constitutionally may continue the work of reform beyond his attainment of his majority need not be decided since it does not affect the jurisdiction of the court, nor would the invalidity of the provision to that effect destroy the whole act.

The preliminary rule is discharged.    All concur.