Ex Parte Grace Naccarat, Petitioner.—41 S. W. (2d) 176.

Court en Banc, July 29, 1931.

*Albert W. Johnson* for petitioner.

*Gilbert Weiss* for respondent.

HENWOOD, J.—This is a *habeas corpus* proceeding, by which the petitioner seeks to be released from the Convent of the House of Good Shepherd of the City of St. Louis, to which she was committed by the juvenile court of the city of St. Louis as a delinquent child of the age of sixteen years.

Only issues of law are presented by the respondent's return to the writ and the petitioner's answer to the return.

Attached to the return are duly certified copies of the information, warrant, judgment and commitment on file and of record in the juvenile court. In the information, filed by the probation officer on March 12, 1931, it was charged that Grace Naccarat, a female of the age of sixteen years, was a delinquent child within the meaning of the statutes in such cases made and provided, in that she was incorrigible, and that she absented herself from home, and that she knowingly associated with vicious and immoral persons, particularly one Mike Vitale. The warrant for her arrest was issued on March 12, 1931, and she was arrested and brought before the juvenile court on March 18, 1931. A hearing before the juvenile court on March 18, 1931, resulted in the judgment by which she was committed to the Convent of the House of Good Shepherd. The commitment was issued on March 18, 1931, and she was delivered into the custody of Sister Mary of St. Augustine, Mother Superior of the Convent of the House of Good Shepherd, on March 21, 1931.

Omitting the caption, the judgment of the juvenile court reads as follows:

"Now at this day this cause coming on for hearing comes the defendant in her own proper person, and this cause is submitted to the court upon the petition, evidence and proof adduced, and the court having heard and duly considered the same and being fully advised in the premises doth find the defendant to be a delinquent child within the meaning of that term as defined by the statute relating to delinquent children.

"Wherefore, it is considered and adjudged and decreed by the court that the defendant be and she is hereby committed to the Convent of Good Shepherd, there to remain until the further order of this court or until discharged by due process of law, and that the defendant pay the costs of this prosecution, for which let execution issue."

I. Counsel for the petitioner first contends that, in a proceeding against a child on a charge of delinquency, notice to the person or persons having custody or control of such child or with whom such child may be is jurisdictional, and that, as the record fails to show such jurisdictional fact, the judgment of the juvenile court is void.

Manifestly, counsel is confusing the provisions of the juvenile court law relating to children alleged to be neglected with the provisions of the law relating to children alleged to be delinquent, in counties having 50,000 inhabitants or over. For the purposes of the law, the words "neglected child" and "delinquent child" are de-

fined in Section 14136, Revised Statutes 1929, and, while the law contains similar provisions for the commitment of neglected and delinquent children, the provisions of the law as to other proceedings of the juvenile court are somewhat different in the two classes of cases. Section 14138 provides that any reputable person residing in the county may file a petition concerning a child who appears to be a neglected child; and Section 14139 provides that, upon the filing of the petition, unless the parties voluntarily appear, "summons shall issue . . . requiring the child and the person having custody or control of the child or with whom the child may be, to appear with the child at the place and at the time set in the summons, . . ." and that "the parents of the child, if living, and their residence known, or its legal guardian, or if his or her residence is unknown, then some relative, if there be one, and his or her residence known, shall be notified of the proceedings, and in any case the court may appoint some suitable person or association to act in behalf of the child. . . ." and that "if it shall appear to the satisfaction of the court that there is no person in charge or care of the child, the court may order the sheriff to take control of the child and bring him into court." But, Section 14142 provides that, in all delinquency cases, an information shall be filed by the city attorney, prosecuting attorney, circuit attorney or probation officer, in which the alleged act or acts of delinquency of the child shall be stated in a general way; and this section further provides that *"in place of a warrant for the arrest of any child* a summons may issue as provided in section 14139."

Thus it is seen that, while the juvenile court *may*, upon the filing of the information in a delinquency case, cause to be issued a summons, requiring the child and the person or persons having custody or control of the child or with whom the child may be, to appear with the child at the place and at the time set in the summons, as provided in Section 14139, in neglect cases, the issuance of such a summons is *not* jurisdictional in delinquency cases, and that the court is authorized, in delinquency cases, to cause the child to be arrested and brought before it on a warrant, and to thereby acquire jurisdiction over the person of the child, as was done in this case.

The reason for a different procedure in neglect cases and delinquency cases is obvious. In a neglect case only the proper custody and support of the child are involved; but, in a delinquency case the reformation of the child is also involved, and the proceeding is between the State and the child. In this instance the petitioner was charged with delinquency, in that she was incorrigible, and that she absented herself from her home, and that she knowingly associated with vicious and immoral persons; and the character of the acts of delinquency alleged in the information no doubt explains why the court exercised its power to cause her to be arrested and brought

before it on a warrant, instead of causing to be issued a summons directed to her and the person or persons having custody or control of her or with whom she may have been.

II. It is further contended that, even though the original jurisdiction of the juvenile court over the person of the petitioner be conceded, that court exceeded its jurisdiction in adjudging that she shall remain subject to its further orders, because the exercise of a continuing jurisdiction by the juvenile court would permit it to modify its judgment from term to term and to thereby defeat the petitioner's right of appeal.

The answer to this contention is found in the plain provisions of the law. Section 14152 says: "In any case where the court shall commit a child to the care of any association or individual in accordance with the provisions of this article, the child shall, unless otherwise ordered, be subject to the control of the association or individual to whose care it is committed, but *subject* to the order of the court in committing such child and *to any further order made by the court.*" And Section 14155 says: "*An appeal shall be allowed to the child* from any final judgment of delinquency or dependency, or final order of commitment made under the provisions of this article, and *from any modification of such order.*" Of course, there can be but one final judgment of delinquency in any case, and, while the order of commitment embraced within the final judgment of delinquency may be modified from term to term, an appeal from any modification of such order is expressly provided for, as above shown.

Moreover, Section 14136 says: "When jurisdiction has been acquired under the provisions hereof over the person of a child, *such jurisdiction shall continue,* for the purpose of this article, *until the child shall have attained its majority;* but nothing in this article shall prevent the juvenile court from inflicting a punishment which shall extend beyond the age of majority in cases where the delinquent shall be convicted of a crime." And Section 14137, after providing for the practice and procedure in cases in which a child is charged with a crime, says: "*In all other cases* the trial shall be before the court without a jury, and *the practice and procedure customary in proceedings in equity shall govern* except where otherwise provided by this article." In these provisions, the Legislature clearly expressed the intention that the juvenile court should exercise an equitable control and supervision over the custody, care and training of delinquent children, throughout their minority, if need be, by making such orders from time to time as may seem conducive to the reformation of such children. [State ex rel. v. Porterfield (Mo. Sup.), 264 S. W. 386.]

726

III. It is finally contended that the juvenile court was without authority to commit the petitioner for an indefinite term, because, under such commitment, she might be forgotten by the juvenile court and left in confinement "the rest of her life," and thereby deprived of her liberty without due process of law, in violation of Section 1 of Amendment XIV of the Constitution of the United States, and thereby subjected to cruel and unusual punishment, in violation of Section 25 of Article II of the Constitution of Missouri.

As we have already pointed out, the petitioner will be subject to commitment by the juvenile court until she reaches her majority, but, at that time, any such commitment will terminate by operation of law. [Sec. 14136, R. S. 1929.] And, in this connection, it should be remembered that a proceeding against a child alleged to be delinquent is an exercise of the State's power, as *parens patriae*, for the reformation of the child, and not for the punishment of the child, as in a criminal proceeding, and that the constitutional guaranties respecting a defendant in a criminal case do not apply in a delinquency case. [Sec. 14137, R. S. 1929; State ex rel. v. Buckner, 300 Mo. 359, 254 S. W. 179.]

It follows from what has been said that the petitioner should be remanded. It is so ordered. All concur.