STATE OF MISSOURI at the Relation of STRATTON SHARTEL, Attorney-General, Relator, v. FRANCIS H. TRIMBLE, EWING C. BLAND and HENRY L. ARNOLD, as Judges of the Kansas City Court of Appeals.—63 S. W. (2d) 37.

Division Two, September 4, 1933.

*Stratton Shartel,* Attorney-General, *Don Purteet,* Assistant Attorney-General, *James R. Page, J. Frank Flynn* and *Ira B. McLaughlin* for relator.

*Ralph S. Latshaw, Jr.,* and *James H. Anderson* for respondents.

WESTHUES, C.—This is a certiorari proceeding whereby relator seeks to quash an opinion of the Kansas City Court of Appeals in the case of State v. Charles Edward Witt, number 16,825, not yet published. The reason assigned is that the opinion of the Court of Appeals contravenes certain controlling decisions of this court.

From the opinion of the Court of Appeals we learn that the defendant, Witt, was proceeded against in the juvenile court at Kansas City, Missouri. The probation officer filed an information against Witt alleging that he was under the age of seventeen years. It further alleged or charged that Witt was a delinquent child within the meaning of the law; that he had committed the crime of seduction and that he was guilty of the crime of rape. The count charging rape was dismissed. No preliminary hearing was granted. A trial before a jury in the juvenile court resulted in a verdict of guilty as charged in the information. Thereupon the juvenile court, or judge, entered a judgment finding that Witt was a delinquent child within the meaning of the law and imposed a sentence of four years' confinement in the Missouri Reformatory at Boonville, Missouri.

From this sentence Witt asked that he be granted an appeal to the Supreme Court. The trial court, however, granted the appeal to the Kansas City Court of Appeals, which court assumed jurisdiction of the case and reversed and remanded it for a new trial. The Court

of Appeals, by its opinion, held that the juvenile court erroneously admitted evidence of sexual intercourse between defendant and the prosecuting witness, alleged to have occurred after the date of the act charged in the information. It is this holding that relator contends to be in conflict with controlling decisions of this court. Respondents, judges of the Court of Appeals, are represented in this court by counsel who represented Witt in the Court of Appeals. He has briefed the case for respondents and while he is satisfied with that part of the opinion reversing and remanding the case for a new trial, he contends here, as he did in the Court of Appeals, that his client, Witt, had been convicted of a felony and, therefore, the Supreme Court and not the Court of Appeals had appellate jurisdiction of the case. As authority for this contention counsel cites State ex rel. v. Tincher, 166 S. W. 1028, 258 Mo. 1; State ex rel. v. Porterfield, 264 S. W. 386; State ex rel. v. Walker, 326 Mo. 1233, 34 S. W. (2d) 124; Ex parte Bass, 328 Mo. 195, 40 S. W. (2d) 457, and other cases. These cases are not in point. The case of State ex rel. v. Tincher was a mandamus proceeding. The Porterfield and Walker cases were proceedings in prohibition, and Ex parte Bass was a *habeas corpus* proceeding. This court's jurisdiction of these cases did not depend upon the Juvenile Law but upon the law giving this court original jurisdiction to grant the extraordinary writ.

The only theory upon which this court would have appellate jurisdiction of this case is that the act charged by the information of the probation officer against Witt, which is alleged to have rendered him a delinquent child, was a felony. If it can be said that defendant was convicted of a felony by the proceedings against him in the juvenile court, then the whole proceeding was null and void. [State ex rel. v. Walker and Ex parte Bass, supra.] Prosecutions for felony can only be instituted by information of the prosecuting attorney after a preliminary hearing has been had, or by an indictment of a grand jury.

The Juvenile Act, Article 8, Chapter 125, Revised Statutes 1929, is a complete law within itself, dealing with minors under the age of seventeen years. The purpose of the Juvenile Law is not to convict minors of criminal acts, but to safeguard and reform children that may have erred and have been declared delinquent and to provide for children that may be declared neglected. For a full discussion of the purposes of Juvenile Laws see Ex parte Januszewski, 196 Fed. 123; 31 Corpus Juris, 1101, section 226. The Juvenile Act authorizes the juvenile judge, if he deems that a child is not a fit subject to be dealt with in the juvenile court, to dismiss the proceedings and order the child to be prosecuted under the general law. [Sec. 14163, R. S. 1929.] A minor under the age of seventeen years cannot be convicted of a crime in a proceeding in a juvenile court, as the term conviction is understood in law. [State ex rel. v.

Walker and Ex parte Bass, supra; State v. Naylor, 328 Mo. 335, 40 S. W. (2d) l. c. 1082 (6).] The juvenile court can only adjudge a child a neglected child or a delinquent child. The two terms have a distinct and separate meaning under the Juvenile Act. A child may be of good character and yet, through no fault of its own, be declared a neglected child. ■ A delinquent child means one who has been guilty of violations of the law or is incorrigible, vicious or immoral. [Sec. 14136, R. S. 1929; Ex parte Naccarat, 328 Mo. 722, 41 S. W. (2d) 176.] If a child is proceeded against as a delinquent the final judgment of the juvenile court, if against the child, can only be a judgment declaring it to be delinquent. It is immaterial whether the misconduct charged against the child, by the information, consists of violations of. the criminal statutes or of conduct, though not violations of the law, which nevertheless renders the child incorrigible, vicious or immoral. In either case the judgment must be that the child is a delinquent. The juvenile court then has the authority to place the minor on probation or in some institution other than the penitentiary. [Sec. 14151, R. S. 1929; Ex parte Bass, supra; 31 C. J., p. 1111, sec. 245.]

■ Section 14137 provides that the procedure governing the conduct of criminal cases shall be followed in those cases in the juvenile courts where a child is charged with acts that are violations of the criminal statutes. It also provides that a trial by jury may be had. This, however, is not mandatory except when demanded. In all other cases trial by jury is not authorized. The provisions of the above section do not transform the case into a criminal prosecution, but only prescribe the manner in which the trial should be conducted, as was said by this court in State ex rel. v. Buckner, 254 S. W. 182 (9, 11), 300 Mo. 359:

"The charge is that he is a delinquent child, and the proof of it is alleged to be that he is guilty of rape. It is not sought to punish him as a rapist, but to reform him from his state of delinquency."

Section 14136, Revised Statutes 1929, provides:

"Any disposition of any delinquent child under this article, or any evidence given in such cases shall not in any civil, criminal or other cause or proceeding whatever in any court be lawful or proper evidence against such child for any purpose whatever, except in subsequent cases against the same child under this article."

This proviso clearly indicates that any disposition of a case in a juvenile court shall not be considered a conviction of crime. It protects the child in that the adjudication of delinquency cannot be later referred to in any proceeding, either civil or criminal, except in a subsequent case in the juvenile court. A conviction of crime under the law may always be used against a person in either civil or criminal cases. This court en banc in State ex rel. v. Buckner, 300 Mo. 359, 254 S. W. l. c. 181 (3, 5) said:

"A proceeding under the act, the aim of which, as in this case, is the exertion of the State's power, *parens patriae*, for the reformation of a child and not for his punishment under the criminal law, *is not a criminal case*, and the constitutional guaranties respecting defendants in criminal cases do not apply. This is obviously true and is the rule of the decisions." (Italics ours.)

■ Many cases from other jurisdictions are cited as authority for that holding. [See, also, 31 C. J., p. 1105, secs. 231, 232; Ex parte Naccarat, 328 Mo. 722, 41 S. W. (2d) l. c. 178 (4, 5).] The case not being a criminal prosecution, it follows that the Court of Appeals properly retained jurisdiction of it. We have treated this question somewhat at length because of the vigorous oral argument, by attorney for Witt, to the effect that his client had been convicted of a felony and that the proceeding in the juvenile court was a criminal prosecution and not a civil proceeding. The Court of Appeals by its opinion correctly disposed of this question.

■ We will now consider the question of conflict. As above indicated the conflict is predicated upon the holding in the opinion of the Court of Appeals that in a prosecution for seduction, evidence of subsequent acts of any illicit relation between prosecutrix and the defendant is not admissible. It must be remembered that in this case the charge of rape was dismissed and the only charge against the defendant was seduction. The Court of Appeals treated the case as a seduction case. Note the following excerpt from the opinion:

"Appellant insists that the evidence shows that the seduction was not induced by reliance upon a promise of marriage, and that under the evidence the acts of intercourse were forcible and constitute the crime of rape. Under all the facts and circumstances in the case the conclusion of reasonable men was warranted in the finding that there was acquiescence and consent upon the part of the girl in reliance upon a promise of marriage. Some preparation had been made, close relatives had been informed of the intended marriage by the defendant, and there was a prolonged and close association. There was sufficient corroboration. [State v. Hinds, 14 S. W. (2d) 559.] While the girl testified that she did not 'verbally' consent and did not 'entirely' consent, yet her acts and conduct which were shown in evidence preclude the reasonable conclusion of rape, and speak louder than words in reference to her acquiescence. [State v. Skillman, 228 Mo. 434, 128 S. W. 729, 731.] The question was submitted to the jury by instruction and its finding concludes defendant upon the subject."

The Court of Appeals then treated the question in the following manner:

"Appellant assigns error in the admission of incompetent testimony. The prosecuting witness was permitted to testify over the

objection and exception of defendant to repetitions of the act of intercourse, described in the information, and in her testimony, as having occurred on the —— day of October, 1927. Defendant objected on the ground that it was evidence of different offenses than the one he was called upon to defend. The witness described somewhat in detail the second occurrence which took place about the middle of November, and another occurrence in the latter part of November, another on December 7, one later in December, and another on January 13 following. She described the specific act of sexual intercourse upon each of these occasions. Defendant's counsel repeatedly objected to this class of evidence, assigned the admission of said evidence as error and as a ground in his motion for new trial. We are persuaded that the admission of the testimony in reference to acts of sexual commerce between defendant and the prosecuting witness subsequent to the date designated in the information was error prejudicial to the rights of defendant.

"The girl in this case was under the age of 16 years until the 6th day of December, 1927, and until that time the act of sexual intercourse with her, under any conditions whatever, constituted under the law the crime of rape. [Sec. 3247, R. S. 1919, as amended by Laws of 1921, p. 284a.] The State was permitted, in effect, to prove the crime of rape committed by defendant on at least two occasions during the month of November, 1927, and subsequent to the date on which he is alleged to have seduced the girl. In addition to this it was shown that during the months of December and January there were other similar relations had between the parties. We do not have before us, and we have not been furnished with, any adjudicated case which arose in the Juvenile court as authority upon the particular question presented. Under the general rule covering the admissibility of evidence, it is clear that proof of offenses other than the one with which defendant is charged is not permissible. It would be improper in any legal trial to receive evidence upon issues outside the pleadings, and especially upon subjects which might tend to inflame, mislead or prejudice the jury.

"It will be observed that in this case the only act of delinquency charged in the information was that defendant violated the law by committing the act of seduction on the —— day of October, 1927. This was the only issue properly before the jury, and to permit the State to prove that the defendant had committed the crime of rape against the prosecutrix upon two different occasions subsequent to the date of the alleged offense of seduction cannot be said to be other than the proof of wholly different, distinct, and separate breaches of the law from that charged in the information. Under such a state of the evidence, we cannot conceive that defendant could have a fair trial."

It is evident from the opinion of the Court of Appeals that its

ruling, holding the evidence of subsequent acts of sexual intercourse to be inadmissible, was based upon the theory that such acts constituted rape for the reason that the prosecutrix at the time was under the age of sixteen years. We deem the Court of Appeals to be in error. It is a well-established principle of law that in seduction cases evidence of subsequent acts is admissible. This court has so decided in numerous cases. [See State v. Henderson, 243 Mo. 503, 147 S. W. l. c. 482; State v. Drummins, 204 S. W. l. c. 276 (12), (13, 14), 274 Mo. 632.] ■ Evidence that is admissible for any purpose should not be excluded because it may also tend to prove the commission of another and separate offense. [State v. Drummins, supra; State v. Letz, 242 S. W. l. c. 683 (1), 294 Mo. 333; State v. Nassello, 30 S. W. (2d) 132, 325 Mo. 442; State v. Hawley, 51 S. W. (2d) 77.] To hold otherwise would often deprive the State of material evidence. If the rule announced by the Court of Appeals were followed, then in all cases where a female child under the age of sixteen years were a victim in a seduction case, evidence of subsequent acts by the defendant with prosecutrix could not be proved against him; while in cases where the party seduced be over the age of sixteen years such evidence could be admitted. Such a rule would be unjust. In State v. Drummins, this court made the following apt comment when speaking of this rule:

"Being competent, it was properly admitted, and the fact that the circumstances tended to prove the commission of a separate crime was merely defendant's misfortune and does not in any wise militate against the admissibility of the evidence."

The Court of Appeals was, therefore, in error in holding that evidence of subsequent acts of intercourse was not admissible in a prosecution for seduction. This holding was in direct conflict with the opinions of this court in the cases above cited.

■ We also call attention to the statement in the opinion of the Court of Appeals that evidence of the birth of a child was erroneously admitted in this case. State v. Arnold, 267 Mo. 33, 183 S. W. 289, is cited as authority for that holding. The defendant in the Arnold case was charged with rape. The rules of evidence in this case should be governed by the decisions in cases of prosecution for seduction. Evidence of the birth of a child has always been admissible in prosecutions of this nature. [See State v. Reed, 237 Mo. 224, 140 S. W. l. c. 910 (3), (4); State v. Letz, supra; State v. Drummins, supra.]

It follows that the opinion of the Kansas City Court of Appeals must be quashed for the reason that it conflicts with our ruling in the cases cited. It is so ordered. *Cooley* and *Fitzsimmons, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.