State v. Thomas Heath, Appellant.—No. 38729.—181 S. W. (2d) 517.

Division Two, June 5, 1944.

Rehearing Denied, July 3, 1944.

1148

*Don C. Carter* for appellant.

*Roy McKittrick,* Attorney General, and *Frank W. Hayes,* Assistant Attorney General, for respondent.

TIPTON, J.—An information was filed in the Juvenile Division of the Circuit Court of Randolph County, Missouri, charging the appellant with being a delinquent minor child under the age of seventeen years, in that he had roamed the streets and alleys of Moberly, Missouri; that he had assaulted and injured one Carl Geoke, a boy of eleven years of age; that for the past several years he had assaulted and beaten numerous small boys and killed and tortured numerous animals; that he is incorrigible and frequently disturbed the peace of the neighborhoods and persons; that he had committed acts of petit larceny; and had run away from home. The regular judge was disqualified and the case was tried before Honorable W. M. Dinwiddie, Judge of the 34th Judicial Circuit. The appellant was found to be a delinquent child, within the meaning of the Statute, and declared to be a ward of the court and his custody placed with his parents until the further order of the court. From that judgment, he has duly appealed.

The appellant's main contention is that the court erred in denying his demand for a trial by jury. He contends that of the nine acts of delinquency alleged in the information, five charge him with violations of the criminal statutes, that is, he is charged twice with assault, with killing and torturing animals, with disturbing the peace, and with petit larceny.

Since Randolph County has less than 50,000 inhabitants, this case is governed by Article 10, Chapter 56, Revised Statutes of Missouri, 1939. Section 9698 of this Chapter, among other things, provides: "The words 'delinquent child' shall include any child under the age of seventeen years who violates any law of this state, or any city or village ordinance, or who is incorrigible; or who knowingly associates with thieves, vicious or immoral persons, or who is growing up in idleness or crime, or who knowingly visits or enters a house of ill-repute or any place where any gaming device is operated; or any saloon or dramshop where intoxicating liquors are sold; or who is either habitually truant from any day school, or who, while in attendance at any school, is incorrigibile, vicious or immoral."

The information did not charge the appellant with the violation of the criminal statutes of this State, but did charge him with being a "delinquent child" because he did violate the laws of this State. The first clause of the definition of a "delinquent child" as found in Section 9698, supra, says, "The words 'delinquent child' shall include any child under the age of seventeen years who violates any law of this state . . . ." "In this case the alleged criminal act of relator [appellant] is not set up as a charge of crime and a predicate of punishment under the criminal law but merely as the thing which brings relator within the definition of 'delinquent children' in the act, and shows he is within the class over which the State is authorized to exert its power of quasi parental control." State ex

rel. Matacia v. Buckner, 300 Mo. 359, 254 S. W. 179, l. c. 181. See, also, State ex rel. Boyd v. Rutledge, 321 Mo. 1090, 13 S. W. (2d) 1061.

Since the appellant is not charged with the violation of the criminal statutes of this State, he does not come within the provisions of Section 9699, R. S. Mo. 1939, in reference to a jury trial, which provides, ". . . In cases arising under this article, the hearing shall be before the court without a jury, and the practice and procedure customary in proceedings in equity shall govern: Provided, that the child shall be given a trial by jury, as now provided in the juvenile court act pertaining to counties of over 50,000 inhabitants, when demanded by the child, its parents or guardian."

Section 9674, R. S. Mo. 1939, is incorporated into Section 9699, supra, by reference, the pertinent part of the former Section being as follows: ". . . The practice and procedure prescribed by law for the conduct of criminal cases shall govern in all proceedings under this article in which the child stands charged with the violation of the criminal statutes of the state and in such proceedings the child, his parent, or any person standing in loco parentis to him may on his behalf demand a trial by jury. In all other cases the trial shall be before the court without a jury, and the practice and procedure customary in proceedings in equity shall govern except where otherwise provided by this article."

Not having been charged in the information with "the violation of the criminal statutes of the state," but having only been charged with being a "delinquent child" because he violated the statutes of this State, there is nothing in the above two sections that entitles him to a trial by jury.

Appellant, also, contends that he was entitled to a trial by jury under Section 28, Article II, of the Missouri Constitution, which provides that, "The right of trial by jury, as heretofore enjoyed, shall remain inviolate; . . . ." We have already held that this appellant was not prosecuted on a criminal charge. "And, in this connection, it should be remembered that a proceeding against a child alleged to be delinquent is an exercise of the state's power, as parens patriae, for the reformation of the child, and not for punishment of the child, as in a criminal proceeding, and that the constitutional guaranties respecting a defendant in a criminal case do not apply in a delinquency case." Ex parte Naccarat, 328 Mo. 722, 41 S. W. (2d) 176, l. c. 178. See, also, State ex rel. Matacia v. Buckner, supra; State ex rel. Boyd v. Rutledge, supra.

Of course, if a child under the age of seventeen is charged under the general criminal statutes with the violation of a criminal statute, he is entitled to a trial by jury under Section 28, Article II, of the State Constitution, and Sections 9699 and 9674, R. S. 1939, give the child that right. In other words, these sections provide that if the

child is charged with a crime, he is entitled to a jury trial. These sections are in harmony with the accused child's constitutional rights.

We have examined the cases relied upon by appellant, as for example, State ex rel. Cave v. Tincher, 258 Mo. 1, 166 S. W. 1028, but find they are not in point. It follows that appellant's demand for a trial by jury was properly denied.

The appellant filed two motions to quash the information filed in this case. Both were overruled. The first motion was based on the fact that there were no names of witnesses endorsed on the information. He contends that the ruling of the court on this motion violated Section 3894, R. S. Mo. 1939, and Section 30, Article II, of the State Constitution. Section 3894, supra, is found in Article 6, Chapter 30, which deals with criminal procedure. Section 30, Article II, of the State Constitution is the due process clause. We have repeatedly said that this appellant is not charged with a criminal offense. "The Juvenile Act . . . is a complete law within itself, dealing with minors under the age of seventeen years." State ex rel. Shartel v. Trimble, 333 Mo. 888, 63 S. W. (2d) 37, l. c. 38. We find nothing in the juvenile act requiring the names of witnesses to be endorsed on the information. There was no error in the court's action overruling this motion to quash.

The basis for his second motion to quash was that the information charged appellant with petit larceny but did not show when or where the larceny was committed or from whom; that he was charged with making an assault on divers persons but does not show when, where or who were assaulted. If he had been charged with these offenses under the criminal statute, his point would be well taken under Section 22, Article II, of our State Constitution, but he is not so charged. We have already held that the constitutional guaranties respecting a defendant in criminal cases do not apply in a delinquency case.

Appellant's last assignment of error is that the judgment is invalid because it merely states that, "the court further finds him to be a delinquent child within the meaning of the statute." "It is immaterial whether the misconduct charged against the child, by the information, consists of violations of the criminal statutes or of conduct, though not violations of the law, which nevertheless renders the child incorrigible, vicious, or immoral. In either case the judgment must be that the child is delinquent." State ex rel. Shartel v. Trimble, 333 Mo. 888, 63 S. W. (2d) 37, l. c. 38. We hold the judgment was in proper form.

Finding no reversible error in the record, the judgment of the juvenile court is affirmed. All concur.