STATE OF MISSOURI, Respondent, v. STANLEY HAROLD, Appellant, No. 44027—271 S. W. (2d) 527.

Division Two, October 11, 1954.

*Robert I. Neuman* and *William B. Milfelt* for appellant.

*John M. Dalton*, Attorney General, and *Hugh P. Williamson*, Assistant Attorney General, for respondent.

BOHLING, C.—This is an appeal from the Juvenile Division of the Circuit Court of St. Louis County, Missouri. §§ 211.010-211.300. Statutory references are to RSMo 1949 unless otherwise indicated. The Probation Officer of said county filed an information charging Stanley Harold and four others, all minors of the age of 16 years, with being delinquent in that they committed a certain burglary and larceny. The proceedings resulted in a finding, among others, "that Stanley Harold is delinquent and guilty as charged." He was committed to the State Board of Training Schools for an indeterminate period of time, or until discharged according to law. He appealed to this court.

Appellant states, without supporting authority, that "jurisdiction is in the Supreme Court because a constitutional question is raised in the motion for new trial." The State filed a motion to transfer the cause to the Court of Appeals for want of appellate jurisdiction in this court. Appellant has not answered the motion to transfer.

The Courts of Appeals are courts of general appellate jurisdiction. The Supreme Court's appellate jurisdiction is limited to the instances specified in the constitution. Mo. Const., Art. V, §§ 3, 13; Stuart v. Stuart, 320 Mo. 486, 8 S. W. 2d 613[1]; Cotton v. Iowa Mut. Liability Ins. Co., 363 Mo. 400, 251 S. W. 2d 246, 249[4].

Under Article V, § 3, Mo. Const. 1945, the Supreme Court has appellate jurisdiction, so far as may be material here, "in all cases involving the construction of the Constitution of the United States or

1054

of this State, * * in all civil cases where the State * * is a party, in all cases of felony * *'' et cetera.

■ '' 'It is the general rule that, to raise a constitutional question, the particular provision of the Constitution alleged to be violated must be pointed out. And it is not sufficient that certain sections of the Constitution be set out and the assertion made that rights of appellant thereunder have been violated, but the facts which constituted such violation must be set out.' '' Allegations which are but general conclusions of law or fact are insufficient to present a constitutional issue. State ex rel. v. Flanigan, 349 Mo. 54, 159 S. W. 2d 598, 599[2, 3]; State ex rel. v. Bader, 336 Mo. 259, 78 S. W. 2d 835, 838[4]. An examination of appellant's motion for new trial discloses no reference to any constitutional provision.

It is stated in State v. Campbell, 325 Mo. 561, 32 S. W. 2d 69, 70[3, 4], that, due to the informality of proceedings in the juvenile courts, whether a constitutional question was raised would not necessarily appear in the record made in the juvenile court and jurisdiction was taken of the appeal where constitutional questions were presented here. However, constitutional questions duly and timely raised are deemed ■ abandoned, colorable only and not of substance, if not briefed and kept alive, and are insufficient to confer appellate jurisdiction in this court. Village of Grandview v. McElroy, 318 Mo. 135, 298 S. W. 760, 761[7-10]; Bankers' Mtg. Co. v. Lessley, Mo., 31 S. W. 2d 1055, 1058[2]; Walter L. Lacy Co. v. National Finance Corp., Mo., 73 S. W. 2d 747, 748; Cooper Co. Bk. v. Bank of Bunceton, 310 Mo. 519, 276 S. W. 622, 623[3, 5, 6]; Junior v. Junior, Mo., 84 S. W. 2d 909, 910. The sole issue presented in appellant's brief is that the court erred in finding appellant ''delinquent and guilty as charged because a juvenile court's final judgment can only be one declaring the child to be delinquent.'' This may involve a construction of the juvenile statutes but does not justify an inquiry into a constitutional issue. State v. Claybaugh, 220 Mo. 15, 21, 119 S. W. 393, 394; State ex rel. v. Zilafro, Mo., 206 S. W. 2d 496, 497[1]; Nemours v. City of Clayton, 351 Mo. 317, 172 S. W. 2d 937, 939[7].

■ It has been heretofore held that juvenile cases are not criminal prosecutions in the sense that the State seeks to impose a punishment for the commission of a crime (§§ 556.010, 556.020, 556.040), and appellate jurisdiction is not lodged in this court on the ground the proceedings may involve the violation of a statute defining a felony. State ex rel. Shartel v. Trimble, 333 Mo. 888, 63 S. W. 2d 37, 38[2-4]; State v. Heath, 352 Mo. 1147, 181 S. W. 2d 517, 519. The Courts of Appeals have appellate jurisdiction over misdemeanor cases where no other question is presented to vest jurisdiction here. State ex rel. v. Trimble, 310 Mo. 274, 275 S. W. 536, 538[2]; State v. Hunter, Mo. App., 198 S. W. 2d 544, 546[1].

The holdings that proceedings in the juvenile courts are not criminal prosecutions are not rulings that they are civil cases within the quoted constitutional provision, first appearing in the Constitution of 1945 (Laws 1945, p. 3), vesting appellate jurisdiction here "in all civil cases where the State * * is a party."

The Juvenile act is a complete law within itself. A child under the age of seventeen years who violates any law of the State or is found to have committed an act or acts therein set forth although not constituting a crime under our statutes may be adjudged a "delinquent child." § 211.010(3). Where the charge involves a violation of a criminal statute the procedure may conform to that prescribed for criminal cases and in other instances to proceedings in equity. § 211.-020. The proceedings may be instituted by information or sworn complaint filed by the city, prosecuting or circuit attorney, or the probation officer. § 211.070. The law discloses an intent to disassociate juvenile cases from criminal cases and does not seek the punishment of delinquent children charged with a violation of the criminal laws in the sense that adult criminals are punished for such violations. Among its purposes is the safeguarding of children from criminal prosecutions and the effecting of their reformation by training them morally, mentally and physically, the State assuming supervision of the child for the performance of parental duties. §§ 211.-010(4), 211.090, 211.100, 211.180, among others; State ex rel. v. Trimble, supra; State v. Heath, supra; State ex rel. Matacia v. Buckner, 300 Mo. 359, 254 S. W. 179; Ex parte Naccarat, 328 Mo. 722, 41 S. W. 2d 176, 178; State ex rel. Boyd v. Rutledge, 321 Mo. 1090, 13 S. W. 2d 1061, 1064.

It is stated in 1 C. J. S. 1096, § 43, that "the essential distinction between a civil and a criminal action or proceeding is that the former is for the enforcement of a private right, or the redress of a private wrong, and the latter for the punishment of a public offense." This distinction is recognized by statutory enactments and decisions of the courts of this State. Our Code of Civil Procedure, adopted in 1849 and revised in 1889 and carried forward in the revised statutes of 1939, so far as material, provided: "There shall be in this state but one form of action for the enforcement or protection of private rights, and redress or prevention of private wrongs, which shall be denominated a civil action." RSMo 1939, § 847; Laws 1849, p. 73, § 1; Laws 1889, p. 168, § 3461; State ▮▮▮▮ ex rel. Kochtitzky v. Riley, 203 Mo. 175, 186, 101 S. W. 567, 568, 12 L. R. A. (NS) 900; Bopst v. Williams, 287 Mo. 317, 328, 229 S. W. 796, 798[3]; Hayes v. Hayes, 363 Mo. 583, 252 S. W. 2d 323, 327; Law Dictionaries, "Action" and "Civil Action;" Bouvier, 3d Ed., Black, 4th Ed. See § 556.010.

Under the 1943 revision of the Civil Code of Missouri many sections of the existing Code were repealed and new provisions enacted. Laws 1943, p. 353, et seq. The revised Code governs "in all suits and

proceedings of a civil nature * *, unless otherwise provided by law.'' Laws 1943, p. 357, § 2; § 506.010. It was effective January 1, 1945 (Laws 1943, p. 357, § 3), and was not intended to affect the practice or procedure in criminal cases (Laws 1943, p. 397, § 145; § 506.020). It provides: ''There shall be one form of action to be known as 'civil action'.'' Laws 1943, p. 357, § 4; § 506.040. Section 847, quoted supra, was repealed and not in terms reenacted (Laws 1943, p. 356, § 1); but the above mentioned as well as other provisions of the Code as revised in 1943 evidence a legislative intent that the Code applied, as theretofore, to the one form of action for the enforcement or protection of private rights or the redress or prevention of private wrongs.

Although proceedings in the juvenile courts are not criminal prosecutions, they are not actions or proceedings seeking a judgment for the enforcement or protection of a private right or the redress or prevention of a private wrong. The Juvenile act is neither criminal nor penal in its nature. They have been considered administrative police regulations. Ex parte Januszewski, 196 F. 123, 127. The nature of the act and the proceedings thereunder are purely governmental, seeking the reformation, not the punishment, of the child. The State is not a party to the proceedings in the sense that parties seek the protection of private rights or prevention of private wrongs in civil cases. Juvenile cases may partake something of the nature of civil cases and also of criminal cases. However, under the basic distinctions between civil and criminal cases recognized in this state for many years, we conclude that the instant proceeding does not classify as a ''civil case'' within the meaning of the term as used in the constitutional appellate jurisdictional sense.

The cause is transferred to the St. Louis Court of Appeals. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. *Leedy,* Acting P. J., *Ellison,* J., *Bennick* and *Broaddus,* Special Judges, concur.