STATE of Missouri (Plaintiff), Respondent,

v.

Stanley HAROLD (Defendant), Appellant.
No. 29214.

St. Louis Court of Appeals.

Missouri.

Aug. 16, 1955.

Motion for Rehearing or for Transfer to
Supreme Court Denied Sept. 9, 1955.

Robert I. Neuman, William B. Milfelt,
Clayton, for appellant.

Stanley Wallach, Pros. Atty., John S.
Stevens, First Asst. Pros. Atty., St. Louis
County, Clayton, for respondent.

MATTHES, Judge.

Stanley Harold, a minor, appealed from
the judgment of the Juvenile Division of the
Circuit Court of St. Louis County, Missouri,
to the Supreme Court. That court trans-
ferred the cause to this court. State v.
Harold, 271 S.W.2d 527.

An information was filed by the Proba-
tion Officer of said county charging appel-
lant and four others, all minors of the age
of 16 years, with being delinquent in that
they committed burglary and larceny. In
time, there was a trial by the court and a
finding that "Stanley Harold is delinquent
and guilty as charged * * *." He was
committed to the State Board of Training
Schools for an indeterminate period of
time.

The sole point raised by appellant in this
court is that the trial court erred in finding
him "delinquent and guilty as charged

because a juvenile court's final judgment can only be one declaring the child to be delinquent."

■ The purpose of the Juvenile Act, Chapter 211, RSMo 1949, V.A.M.S., which is a complete law within itself dealing with minors under the age of 17 years, State ex rel. Shartel v. Trimble, 333 Mo. 888, 63 S. W.2d 37, is not to convict minors of criminal acts but to safeguard and reform children who have fallen into error and have been declared delinquent. State ex rel. Shartel v. Trimble, supra; State ex rel. Matacia v. Buckner, 300 Mo. 359, 254 S.W. 179. The statute, Section 211.010(3), RS Mo 1949, V.A.M.S., provides that the words "delinquent child" shall include any child under the age of 17 years who violates any law of this state. Sanction has been accorded that provision in State ex rel. Shartel v. Trimble, supra, and State v. Heath, 352 Mo. 1147, 181 S.W.2d 517.

■ Now in this case the information alleged and charged that the appellant was delinquent within the meaning of the statute in that he and other minors broke into a building, stole and carried away property belonging to a certain corporation. Although the charge recited the specific act committed, such alleged criminal act was not set up for the purpose of charging a crime and as a predicate of punishment under the criminal statutes, but merely as the thing which brings appellant within the meaning of the term "delinquent child," as found in the statute. State ex rel. Matacia v. Buckner, supra; State v. Heath, supra.

■ Appellant is correct in his contention that, inasmuch as the State proceeded against him as a delinquent, the court could not properly find him guilty of a crime. State ex rel. Shartel v. Trimble,

supra; State ex rel. Matacia v. Buckner, supra; State v. Heath, supra. But his point, that this well-established principle was violated because the court in entering the judgment found him delinquent and "guilty as charged", is destitute of merit. This is necessarily so because he was not charged with the commission of a crime. According to the plain language of the information he was alleged to be a delinquent child, nothing more. In this situation, it logically follows that finding him "guilty as charged" could only mean that he was adjudged to be delinquent, and by no power of imagination can it be said that he was declared guilty of a crime. While inclusion of the words complained of was unnecessary to add force and validity to the court's finding, it does not follow that appellant was thereby prejudiced or denied the protection to which he was entitled as a juvenile.

In seeking relief from this court, appellant relies with much vigor upon the language found in the opinion in State ex rel. Shartel v. Trimble, supra, to the effect that if a child is proceeded against as a delinquent the final judgment of the juvenile court, if against the child, can only be declaring it to be delinquent. As pointed out, that is exactly what the court found in this case. Furthermore, not only did the court declare and adjudge appellant to be delinquent, but dealt with him as such in that he was ordered committed to the State Board of Training Schools, and for an indeterminate period of time. Sections 211.110 and 219.160 RSMo 1949, V.A.M.S.

For the reasons herein stated, the judgment is affirmed.

ANDERSON, P. J., and JAMES D. CLEMENS, Special Judge, concur.