**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Herman Ray HALL, Defendant.**

**Crim. No. 6819.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Nov. 19, 1969.

John L. Bowers, U. S. Atty., Knoxville, Tenn., for plaintiff.

Ben Hooper, II, Newport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

On March 30, 1965, the defendant was a juvenile who had violated a law of the United States, not punishable by death or life imprisonment. 18 U.S.C. § 5031. He consented to be proceeded against as a juvenile defendant; the Attorney General, in his discretion, had not expressly directed otherwise; and he was proceeded against by information. 18 U.S.C. § 5032. He admitted he was a juvenile delinquent, 18 U.S.C. § 5033, and the Court placed him on probation for a period of four years[1] on the aforemen-

---

1. As the juvenile defendant attained his majority on December 5, 1968, the por-

tion of this sentence between that date and March 30, 1969 was illegal (as ex-

tioned date.[2] Among the terms and conditions of this probation was a requirement that the probationer obey all state laws. Within 60 days from the commencement of the probationary period, the juvenile defendant violated a law of the state of North Carolina, for which he was imprisoned and was required to serve a suspended term of imprisonment for violation of an earlier state probationary sentence. A warrant for his arrest was issued from this Court on June 15, 1965 for violating the aforementioned probationary sentence of March 30, 1965, but it was not served upon him until October 2, 1969, after he had completed the state prison sentence mentioned. He was brought before this Court as speedily as possible after such arrest, 18 U.S.C.A. § 3653; counsel was appointed to assist him; and the matter was taken under advisement for a determination of the Court's present jurisdiction.

■ On finding Mr. Hall to be a juvenile delinquent, this Court had jurisdiction to " * * * place him on probation for a period not exceeding his minority, or [to] commit him to the custody of the Attorney General for a like period. * * * " 18 U.S.C. § 5034; Arkadiele v. Markley, D.C.Ind. (1960), 186 F.Supp. 586, 587 [2]. On the basis of the aforementioned report, the Court (albeit, reluctantly) placed the delinquent on probation. Rule 32(e), Federal Rules of Criminal Procedure. He was thereafter, for the period of his minority, subject to arrest for any violation of any term or condition of his probation. 18 U.S.C. § 3653. Upon its revocation, this Court was authorized to impose any sentence which might have been imposed on March 30, 1965, *idem.*; Roberts v. United States (1943), 320 U.S. 264, 267, 64 S.Ct. 113, 88 L.Ed. 41, 43 (headnote 2), even after the expiration of the probationary period, People v. Siegel, C.A.Cal., 235 Cal.App.2d

522, 45 Cal.Rptr. 530, if its jurisdiction remained under the Federal Juvenile Delinquency Act, 18 U.S.C. ch. 403.

■ Mr. Hall's probationary period in this Court was tolled all the while he was in the custody of the authorities of North Carolina on the state criminal charge. United States v. Gerson, D.C. Tenn. (1961), 192 F.Supp. 864, 865 [2], affirmed C.A.6th (1962), 302 F.2d 430; see also Anderson v. Corall (1923), 263 U.S. 193, 196–197, 44 S.Ct. 43, 68 L.Ed. 247, 254 (headnote 4). The question remains: whether this Court now has continuing jurisdiction to revoke the defendant's probation and sentence him as of March 30, 1965, to the custody of the Attorney General for a period not exceeding his minority.

This Court has no such jurisdiction. Mr. Hall can no longer be proceeded against as a juvenile delinquent, 18 U.S. C. § 5032, because he is no longer a juvenile defendant. "Minority", as used in 18 U.S.C. § 5034, refers to the condition of *being* under 21 years of age. United States v. Flowers, D.C.Tenn. (1963), 227 F.Supp. 1014, 1016 [3], affirmed (in accordance with the opinion of the district judge therein) C.A.6th (1964), 331 F.2d 604. This Court has " * * * jurisdiction of proceedings against juvenile delinquents. * * * " 18 U.S.C. § 5033. " * * * [A] 'juvenile' is a person who has not attained his eighteenth birthday * * * ." 18 U.S.C. § 5031. As Mr. Hall has now passed the age of 21 years, this Court can no longer exercise jurisdiction over him as a juvenile delinquent. *Cf.* (dictum in) Kent v. United States (1966), 383 U.S. 541, 564, 86 S.Ct. 1045, 16 L.Ed.2d 84, 99 [13]; *cf.* also Ex parte Naccart (1931), 328 Mo. 722, 41 S.W.2d 176, 76 A.L.R. 654, 657 (headnote 3);

---

ceeding his minority, 18 U.S.C. § 5034) and, except for the disposition of this matter, would now be corrected as such. Rule 35, Federal Rules of Criminal Procedure.

2. This followed receipt of a full and complete report following commitment to the Attorney General for observation and study under 18 U.S.C. § 5034.

Fish v. United States, D.C.Md. (1966), 254 F.Supp. 906, 907 [3].

In so far as this proceeding is concerned, the defendant Herman Ray Hall hereby is released from custody.